## The Chicago, Burlington and Quincy Railroad Company

*v.*

## John Notzki.

| 66 | 455 |
| 95a | [1]226 |

| 66 | 455 |
| 100a | [1]500 |

1. NEGLIGENCE—*failure to ring bell or sound whistle.* In an action on the case against a railway company to recover for a personal injury, the court instructed the jury, for the plaintiff, that, if plaintiff was injured by one of the defendant's engines at a street-crossing in the city of Peoria, and at the time there was no bell ringing or whistle sounding upon such engine, they should find for the plaintiff, unless he, by his own negligence, materially contributed to the injury: *Held*, that the instruction was erroneous. It should have left it to the jury to find whether the plaintiff was injured by reason of such omission of duty, and without this it was fatally defective.

2. SAME—*instruction as to negligence of plaintiff.* In a suit against a railroad company to recover damages received from an engine of the defendant at a street-crossing in a city, the defendant asked the court to instruct the jury that, if they believed, from the evidence, that, at the time the plaintiff was approaching the place of the accident, there was a switchman in full view of the plaintiff, signaling the approaching train, and that plaintiff saw said switchman so signaling said train, then these facts were proper to be taken into consideration by the jury in determining whether or not the plaintiff was guilty of negligence in approaching the crossing

of said railroad, which was refused: *Held,* that it was properly refused, because it did not submit the question whether the signal given was of such a character that a man of ordinary'intelligence, seeing .it, would understand that it indicated a warning that the train was approaching, or that plaintiff understood the signal to be a warning of an approaching train.

3. SAME—*evidence admissible to show plaintiff's want of care.* In a suit against a railroad company to recover for injuries sustained at a crossing in the city of Peoria, by a collision of the defendant's engine with the plaintiff's team, as he was crossing the track, when the declaration, among other things, charged the company with negligence in allowing its trains to stand in the vicinity of the accident so as to obstruct from view the approaching train, the defendant proved that plaintiff was in the habit of crossing the track at that place frequently, and proposed to show the man-ner in which the several railroad companies having tracks in the vicinity of the place of the injury were accustomed to use such tracks, which the court refused to allow: *Held,* that the court erred in refusing to admit the evidence, as, if the facts were brought home to the knowledge of the plaintiff, the evidence was pertinent to the question· of negligence on his part.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was ·an action on the case, by the.appellee against the appellant, to recover for injuries received at a public crossing on the track of defendant's road in the city of Peoria, on May 18, 1871. The injury· was caused by the engine of one of defendant's trains colliding with plaintiff's team as he was crossing the track, which resulted in throwing plaintiff under the engine, when his hand was torn off. His horse was killed and his wagon broken to pieces. The negligence charged in the declaration was, that no bell was rung or whistle sounded at the time of the accident; that the train was running at a greater rate of speed than the ordinance of the city allowed, and that the company had suffered its trains and cars to re-main standing upon the side-tracks in the vicinity so as to obstruct from view the approaching train. The proof showed that the plaintiff was in the habit of crossing the track at that place several times every day. ' The defendant offered to

prove that it was usual for the several railroad companies occupying Water street to allow cars to stand on such street in the vicinity of the place of the accident, for the purpose of showing that the plaintiff knew the danger of the situation, which the court below refused to permit.

On, the trial the defendant asked the court to give instruction numbered twelve, which is as follows:

" If the jury believe, from the evidence, that, at the time the plaintiff was approaching the place of the accident, there was a switchman in full view of the plaintiff, signaling the approaching train, and that said plaintiff saw said switchman so signaling said train, then, these are facts proper to be taken into consideration by the jury in determining whether or not the plaintiff was guilty of negligence in approaching the crossing of said railroad."

This the court below refused to give.  The trial resulted in a verdict and judgment in favor of the plaintiff for $5500, from which defendant appealed.

Messrs. McCULLOCH & STEVENS, for the appellant.

Messrs. O'BRIEN & HARMON, and Mr. H. W. WELLS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

In giving the seventh instruction for plaintiff below, there was material error.  The jury were instructed that, if they found plaintiff was injured by one of defendant's engines at a street-crossing in the city of Peoria, and at the time there was no bell ringing or whistle sounding upon such engine, they should find for the plaintiff, unless he, by his own negligence, materially contributed to the injury.

This instruction declares a legal liability upon the railroad company for an injury to a person, simply on the ground that

the injury was caused at a street-crossing in a city, by an engine of the company on which no bell was being rung or whistle sounded at the time, irrespective of the question whether the failure to ring the bell or sound the whistle in any manner caused the injury or not.    There is no such rule of the common law, and the statute, after prescribing the duty of ringing the bell or sounding the whistle, under such circumstances, declares: "And the corporation owning the railroad shall be liable to any party injured for all damages sustained *by reason of such neglect.*"    Laws 1869, p. 308.

The instruction should have embraced the proposition whether plaintiff was injured by reason of the neglect to ring the bell or sound the whistle, and without it was fatally defective.

The instruction asked for appellant, and refused, designated as the twelfth, was properly refused, because it does not submit the question to the jury to find that the signal given was of such a character that a man of ordinary intelligence, seeing it, would know that it indicated a warning that the train was approaching, or that plaintiff understood the signal to be a warning of an approaching train.

We are of opinion that the evidence offered to be given by witness Thomas, of the manner in which the several railroad companies having tracks in the vicinity of the place of the injury, were accustomed to use such tracks, was admissible. If the facts were brought home to the knowledge of plaintiff, the evidence would be directly pertinent to the question of negligence on his part.    This purpose was assigned by counsel as the ground of its admissibility.    It was legitimate, and the court erred in excluding the offer.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*