<sup></sup> THE SPRINGFIELD CITY RAILWAY COMPANY

v.

ABBIE E. DeCAMP, Adm'x.

1. PLEADING.—Where the declaration charges that the injury was caused by defendant propelling its cars at an immoderate and dangerous rate of speed, and does not call in question the right of defendant to use steam as a motive power, the latter question can not be insisted upon as

ground for recovery. Plaintiff must be confined to the case made by the declaration.

2. SLIGHT AND GROSS NEGLIGENCE.—An instruction to the effect that if the defendant was guilty of gross negligence, and the deceased was guilty of only slight negligence, such contributory negligence would not bar a recovery, is erroneous, because it leaves the jury free to define the terms, slight and gross, without limiting them to their legal definitions.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed October 24, 1882.

Messrs. STUART, EDWARDS & BROWN, for appellant, against the right to recover because the deceased was guilty of negligence, cited C. & N. W. R. R. Co. v. Schumilowsky, 8 Bradwell, 617; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 182; J. & St. L. R. R. Co. v. Evans, 88 Ill. 64; L. S. & M. S. R. R. Co. v. Hart, 87 Ill. 533; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 513; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500: Garland v. C. & N. W. R. R. Co. 8 Bradwell, 579; C. & M. R. R. Co. v. Patchin, 16 Ill. 204; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 577; Houston & Texas R. R. Co. v. Smith, 52 Tex. 178; Ill. Cent. R. R. Co. v. Reedy, 17 Ill. 580; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; O'Donnell v. Mo. Pac. R. R. Co. 7 Mo. 198.

Messrs. SCHOLES & MATHER, for appellee; that a traveler on a horse railroad track is neither a trespasser nor licensee; he is there by positive right, cited Thompson on Negligence, 397; Kansas Ry. Co. v. Pointer, 9 Kan. 620; Killinger v. 42d St. Ry. Co. 50 N. Y. 206; Wooster v. Lane, 50 N. Y. 203; Hogan v. 8th Ave. R. R. Co. 15 N. Y. 380; Wilderbrand v. 8th. Ave. R. R. Co. 3 Bos. 314; Barker v. Hudson R. R. Co. 4 Daly, 274.

The company was bound to the exercise of great care in running its trains through cities: C. & A. R. R. Co. v. Engle, 84 Ill. 398; Wabash Ry. Co. v. Henks, 91 Ill. 412; Ill. Cent. R. R. Co. v. Baches, 54 Ill. 384; P. C. & St. L. R. R. Co. v. Knutson, 69 Ill. 106; I. & St. L. R. R. Co. v. Galbraith, 63 Ill. 439.

McCULLOCH, J.    This suit was brought by appellee, as administratrix of the estate of her husband, Barton DeCamp, against appellant, to recover damages for wrongfully causing the death of said Barton DeCamp, through the negligence of appellant's servants in operating a steam dummy on its track, near to, but outside the city limits of the city of Springfield. Appellant's track runs north along Fifth street, through the city, until it arrives at a point near the intersection of said Fifth street with the track of the Chicago & Alton Railroad, at which point a branch track diverges in a northeasterly direction parallel with said Chicago. & Alton Railroad to the rolling mills, which are situated a mile or more in a northeasterly direction from the said point of divergence.    This branch track lies almost wholly outside the city limits, and is operated by a steam dummy engine.    For some distance this track runs upon the right of way of the Chicago & Alton Railroad, until it comes to an open space lying east of the track of that company, which was once occupied by a public highway known as the Peoria road, and which is claimed to have been open and in use as a public thoroughfare at the time of the injury complained of.    The deceased was going toward his home, northeasterly, along or near to appellant's track in the night-time, and while either walking along or across the same, was struck by the dummy, run over and instantly killed.

The cause of action set out in the fifth count of the declaration, which seems to be the best considered and most specific of them all, is, that while appellant was using and operating a certain railway extending along Fifth street and thence north of the city through a populous suburb thereof, along, over, and upon a certain public thoroughfare or highway, which was greatly used and frequented by the public as a public highway or thoroughfare, and was then and there using a certain dummy steam engine and passenger car thereto attached, for the transportation of persons for hire, along and over said route, and while the same were under the care, control and management of appellant's servants and agents, the defendant, through its said servants and agents, drove its said dummy steam engine, with the passenger car thereto attached,

over, along and upon said thoroughfare or highway at such a high, immoderate, reckless and dangerous rate of speed that they did not have the same constantly under such control as to be able to avoid injury to persons upon said thoroughfare, whereby the said Barton DeCamp, while on said track, and while passing along said thoroughfare, in the exercise of due care and caution on his part, was struck by said dummy and instantly killed.

The other counts differ but little from this one in setting out the substance of the alleged cause of action. They do not call in question appellant's right to use steam power in propelling its cars, provided due care and caution are observed in so doing. We may therefore dismiss that part of the argument of counsel for appellee, which seeks to charge appellant with negligence in using a means of propulsion not authorized by its charter. Appellee must be confined to the case made by her declaration, which is the driving of its said dummy at such a rate of speed as to render the same unmanageable, and that in consequence thereof, Barton DeCamp lost his life.

Nor do we consider it very material whether or not the old Peoria road had been properly vacated. The record of such vacation at the point where the accident occurred, and its relocation further away from the Chicago & Alton Railroad, is set out in the transcript from the court below, and no objection to its sufficiency has been pointed out. But notwithstanding this relocation, the evidence establishes the fact that it still continued to be used by the public as a thoroughfare, and that many hundreds of persons were daily in the habit of passing over it in all sorts of conveyances, and that the foot passengers were in the habit of using appellant's track as a kind of sidewalk or foot-path up to the very day of the accident. When this is done by permission of the company, it assumes such risks and is bound to exercise the same degree of care as if the place in question were in fact a public highway. I. C. R. R. v. Hammer, 72 Ill. 347; L. E. & W. Ry. Co. v. Zoffinger, 10 Brad. 252; P. Ft. W. & C. R. R. Co. v. Bumstead, 48 Ill. 223.

The main question in the case, therefore, is whether the de-. ceased was at the time of the accident exercising due care, and if so, was his death caused by the negligence of the servants of appellant?

The dummy runs regularly forty-five trips per day each way from Fifth street to the rolling mills, occupying about twenty minutes to each round trip, or ten minutes each way. The rate of speed varies from six to fifteen or eighteen miles per hour. The evidence tends strongly to show, that, at the time of this accident, the speed was not over twelve or thirteen miles per hour; the dummy was provided with a headlight, looking both ways, which was burning at the time and could have been seen by the deceased from the time the engine had passed Fifth street one hundred feet, until it had reached the place of the accident, which was a little to the east of Eighth street and not less than one third of a mile from Fifth street. The deceased got on the track, or rather his starting point for home was at Sixth street, a distance of at least fifteen hundred feet from the place where the accident occurred. He had been living for some time in the immediate vicinity of this railroad and must have known the speed at which the dummy ran, and the frequency of its trips, and knowing the facts, he was bound to regulate his own conduct accordingly. C. B. & Q. R. R. Co. v. Notzki, 66 Ill. 455.

There is no evidence that the speed of the dummy at the time of this accident was so great as to put it beyond the control of the driver, nor is there evidence other than an inference to be drawn from the occurrence of the accident that the speed was at all dangerous to persons walking upon the track in the exercise of reasonable care. The deceased had been to a grocery store at the corner of Sixth street, and it is probable in starting home he took this track. Had he kept a lookout for the approach of the dummy, which he must have known would pass by every ten minutes, he would have seen the head-light in time to have escaped danger. The engineer testifies that just before reaching the Eighth street crossing he saw a man on the track within about one hundred and fifty or two hundred feet of the engine; that he rang the bell; that

then the man walked on the track a few feet further and stepped off on the left-hand side; that he walked along four or five feet from the rail until the engine was within about fifty feet of him, and the next he saw of him he was just in front of the engine too near for him to stop. Then the man disappeared, the engine was thrown from the track, and the man was found in a mangled condition under the passenger car. This evidence is not only not contradicted, but is strongly corroborated by the circumstances detailed in other portions of the evidence. While the witness seemed a little confused on some other points in his testimony, in this one he is clear. If the testimony of this witness is not to be believed, then the presence of the deceased upon the track is wholly unaccounted for. Was he in either case wholly free from fault? If not, and his want of care contributed even slightly to the injury, then appellee can not recover without showing the servants of appellant to have been guilty of gross negligence. C. B. & Q. R. R. Co. v. Johnson, Adm'r, 103 Ill. 512. As we understand the case just cited, if the person injured has been absolutely free from fault he may recover even if the negligence complained of was only slight. But if the person injured was guilty of negligence, however slight, and such negligence contributed in any degree to the injury complained of, then before a recovery can be had it must appear not only that the person injured was still in the exercise of ordinary care, but also, that the person complained of was guilty of gross negligence. Slight negligence is defined to be "the want of great diligence," while gross negligence is said to be "the want of slight diligence."

We do not think it would be contended with much sincerity, that the deceased, by being on the track at the time of the accident and under the circumstances proved, was in the exercise of "great diligence or care" to avoid the danger of an approaching engine. Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222. As before seen if he had been exercising great care he either would not have been upon the track at all, or being there would have made the best use of his senses to avoid the injury. It follows therefore from the rule laid down in C. B. &

Q. R. R. Co. v. Johnson, *supra*, that he was guilty of at least slight negligence. If the result of the accident had been the death of the engineer instead of DeCamp, and the suit had been against DeCamp instead of appellant, it would have caused him no little trouble to free himself from all blame in causing so serious a disaster.

If, therefore, the negligence of the deceased, however slight, contributed to his injury, no recovery can be had unless it be further shown that appellant's servants were not in the exercise of even a slight degree of care respecting the safety of the deceased, or, in other words, were guilty of gross negligence. This can not be truthfully asserted of appellant or its servants from the evidence in this record. It may be true that the surroundings of this particular place required the exercise of a great deal of caution on their part as to the speed of their engine, and any neglect of such caution might be regarded as negligence, yet, when the facts of this case as they appear in evidence are considered, that the track was straight and unobstructed, that the head-light was burning, that the engineer saw the man on the track, that he rang his bell and thereupon the deceased left the track and continued walking outside of the rails until within a few feet of the engine, it must be apparent to any one that the engine driver had good reason to believe that the signals he had given had proved sufficient warning to the deceased of the approach of the engine, and that he was on the look-out for his own safety. The proofs upon this point are not sufficient to charge the engine driver with a want of slight care, or gross negligence. In the view we have taken of the case we do not deem it necessary to review at length the action of the court in giving and refusing instructions. Enough has already been said to enable the court below, upon another trial, to adapt its rulings to the law of the case as now for the first time laid down by the Supreme Court in this class of cases. It would seem, however, that in order to bring any case of comparative and contributory negligence within this rule, it would be almost indispensably necessary to instruct the jury as to the import of the terms "slight" and "gross" when

applied to the subject of negligence.   By the first instruction the jury were in substance instructed that if appellant was guilty of *gross* negligence, resulting in the death of Barton DeCamp, and the deceased was guilty of only *slight* negligence contributing to the injury, such contributory negligence would not of itself prevent a recovery.   Without limiting the terms "slight" and "gross" to their legal definitions, the jury were left free to ascribe to them definitions of their own invention, and thus a wide field of speculation and conjecture was left open.   While it is true, that only in rare cases, unless the statutory requirements have been neglected, the court will pronounce an act to be negligent *per se*, yet, as was said by the Supreme Court in Penn. Co. v. Conlan 101 Ill. 93, and by this court in L. E. & W. R. R. Co. v. Zoffinger, *supra*, the course to pursue in such cases is to give the jury the rule of law and leave it to them to determine whether or not the facts come within the rule.   But it is not meant by this that the jury are to be left free to indulge their passions, prejudices or capricious whims in mulcting the innocent in damages, or in punishing with punitive damages those who are not guilty of wanton or willful injuries. If the jury bring in a verdict contrary to the law or the evidence, to the prejudice of either party, the court should not hesitate to promptly set it aside.

In our opinion the proof in this case does not bring it within the rule laid down in C. B. & Q. R. R. Co. v. Johnson, Adm'r, *supra*, and that the court below erred in not granting a new trial.

Reversed and remanded.