OTTEN *v.* COHEN *et al.*

*(City Court of New York, General Term.* June 20, 1888.)

NEGLIGENCE—PROOF OF—INTERFERENCE OF THIRD PERSONS.

In an action for loss of service of plaintiff's child, caused by injuries resulting from defendant's alleged negligence, evidence tending to show that the proximate cause of such injuries was the wrongful interference of a third person, is admissible on the part of defendant, and it is immaterial that such third person was an infant under the age of discretion.

Appeal from trial term, WILLIAM F. PITSCHKE, Judge.

Action by Mary Otten against Harvis Cohen and Abraham Cohen, for negligent injuries to plaintiff's child, caused by the falling of a sign of defendant.

The questions to Morris Levy, referred to in the opinion as at folio 128 of the case on appeal, are as follows: "Did you see any boys playing in the yard of those premises, around that sign, previous to the 23d day of May, 1885?" Objection. "Shortly prior to the accident, did you see any boys do anything with the sign?" Objection. Both objections were sustained.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Newcombe & Quinlan,* for appellants. *Sewell, Pierce & Sheldon,* for respondent.

BROWNE, J. The plaintiff claims damages for loss of service of her infant child, caused by injuries received by reason of a sign, belonging to the defendants, falling upon the child. It is sought to charge the defendants with liability, because they negligently permitted the sign to remain in the yard of the premises, of which the parties hereto are co-tenants, in such an insecure condition that without the fault of the plaintiff or her child the injury occurred. The defendants, upon the trial, sought to establish that the sign, when placed in the yard, was placed in a safe and secure position, and would not have fallen except precipitated by an extraordinary high wind, or interfered with by strangers, without the knowledge or consent of them, or either of them. It is a well established rule of law, in actions of this nature, that the negligence of the defendants must be the proximate cause of the injury. Failure to establish this, or evidence which would tend to show that the proximate causes was the wrongful interference of strangers, would be properly receivable in evidence. The refusal of the learned trial justice to permit the question propounded to Morris Levy, at folio 128, was error. The testimony tended to show interference with the sign, and if the question was permitted to be answered it might be shown that this interference was the proximate cause of the injury, and thus relieve the defendants from liability. The fact, if such it be, that the boy charged with the interference was under age is not ground for excluding the testimony. *Magee* v. *Caro,* 1 City Ct. R. 147; *Cottrell* v. *Durich,* City Court, Gen. Term, MS. opinion, filed May 28, 1886. For the error above stated, the judgment and order will be reversed, and a new trial ordered, with costs to abide the event.

EHRLICH and McGOWN, JJ., concur.