Palm v. Ivorson.

## John Palm v. Henry Ivorson, a minor, etc.

### Gen. No. 11,392.

1.   TORT—*when one person liable for another's.*   A person who negligently places in the hands of, or authorizes the use by another person of a dangerous instrument or article under such circumstances that he has reason to know that it is likely to produce injury, is liable for the natural and probable consequences of his act to any person injured who is not himself in fault.

2.   PARENT—*what does not fix liability upon, for tort of infant son.* A father is not liable for the tort of his infant son upon the ground alone that he is his father.

3.   PARENT—*what essential to fix liability upon, for tort of infant son.*   In order to render a parent liable for the tort of his infant son, it is essential that it should appear from the evidence that he might reasonably have anticipated injury as a consequence of permitting such son to employ the agency which produced the injury.

4.   FIRE-ARMS—*when parent not liable for permitting infant son to use.*   A parent is not liable for the tort of his infant son arising from permitting his son to use fire-arms where it appears that such son was of the age of twelve years, experienced in the use of fire-arms, acquainted with their construction and the proper mode of carrying, handling and discharging the same, and had been habitually careful.

Action on the case for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903.   Reversed.   Opinion filed January 6, 1905.

Statement by the Court. January 20, 1901, appellee received in his back and shoulder a charge of shot from a shot-gun fired by appellant's son, then some months above twelve years of age. In an action on the case against the father of the boy the declaration charged that the defendant negligently, etc., permitted his son, a boy of the age of twelve years, to have a shot-gun and that the son negligently, etc., shot and injured the plaintiff. Plaintiff recovered a judgment for $1,500 and defendant appealed.

JOHN J. BEILMAN, for appellant; ROSENTHAL, KURZ & HIRSCHL, of counsel.

WILLIAM SCHREIDER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

(A father is not liable for the tort of his infant child upon the ground alone that he is the father.) A person who negligently places in the hands of, or authorizes the use by another person of a dangerous instrument or article under such circumstances that he has reason to know that it is likely to produce injury, is liable for the natural and probable consequences of his act to any person injured, who is not himself in fault. The liability of the appellant for the injuries to appellee depends upon whether it can be held, under the evidence, that the shooting of appellee might or should have been reasonably anticipated as a consequence of appellant permitting his son to go hunting with a shot-gun on the day of the accident. It cannot be held that danger to himself or others should in all cases be anticipated from entrusting a gun to a boy twelve years old. If a boy of that age or even an older person is wholly unacquainted with fire-arms and knows nothing of their use, danger from permitting such person to carry a loaded gun might, perhaps, be reasonably anticipated. But such danger cannot be reasonably anticipated from permitting a boy twelve years old to have and use a gun when he is experienced in the use of guns, is acquainted with their construction and the proper mode of carrying, handling and dis-

Palm v. Ivorson.

charging them and has been careful in their use.    Carter
v. Towne, 98 Mass. 567; Binford v. Johnston, 82 Ind. 426;
Chaddock v. Plummer, 88 Mich. 225; Harris v. Cameron,
81 Wis. 239; Hagerty v. Powers, 66 Cal. 368; Poland v.
Earhart, 70 Iowa, 285; Dixon v. Bell, 1 Starkie's Rep. 287;
Lynch v. Nupdin, 4 Perry & Davidson, 672.    Marionneaux
v. Brugier, 35 La. An. 13, cited by appellee, is based upon
the civil law under which fathers and others are responsi-
ble for the acts of children under their care.

In this case appellee at the trial proved the age of ap-
pellant's son but gave no evidence as to his experience or
want of experience in the use of a gun.    The other evi-
dence in the case clearly shows that appellant's son at the
time of the accident was accustomed to the use of guns,
familiar with their construction and mechanism, with the
manner in which they were loaded and discharged, had
been thoroughly instructed by appellant as to the use of
guns and the proper manner of handling them and was
careful and skilful in their use.    He had had much experi-
ence in shooting a rifle, was an expert marksman and had
made 220 out of a possible 250 when the highest record of
the year upon the range was 234.    For more than two years
before the accident he had been in the habit of hunting
with a shot-gun about once a week; had shot wild ducks,
squirrels, rabbits, rats and other animals.    He had the gun
with which appellee was shot six months before the accident,
had another shot-gun before that, and had had other guns.
His father had several guns and for two years before the
accident the boy had been in the habit of taking his own
and his father's guns apart, cleaning them, putting them
together and loading shells for them.    Upon the facts dis-
closed by this record it cannot in our opinion be held that
appellant should or might have reasonably anticipated
danger either to his son or to others from permitting him
at the time of the accident to carry and use a gun.

It follows from what has been said that the court should
have instructed the jury to find the defendant not guilty
and the judgment of the Circuit Court will be reversed
with a finding of fact.                            *Reversed.*