**Mary Hartnett, Plaintiff in Error, v. Boston Store of Chicago, Defendant in Error.**

## Gen. No. 18,804.

1. NEGLIGENCE, § 8*—*when violation of ordinance does not create liability.* The violation of an ordinance enacted for the safety of the public, while *prima facia* evidence of negligence, does not impose liability in the absence of a causal connection between the negligent act and the injury.

2. NEGLIGENCE, § 52—*when condition created by negligence not proximate cause.* Where negligence results in nothing more than the creation of a condition by which an injury is made possible, and such conidtion causes injury by the subsequent independent act of a third person, the existence of the condition is not the proximate cause.

3. NEGLIGENCE, § 52*—*when intervening cause breaks causal connection.* Where a negligent act creates a condition resulting in injury through the intervening act of a third person not under the control of the person guilty of the original act of negligence, and

whose act is such as could not reasonably have been anticipated, the connection is broken and the original negligence is not the proximate cause.

4. NEGLIGENCE, § 52*—*when sale of rifle to minor not proximate cause of injury to third person.* Sale of a rifle to a fifteen-year-old boy, in violation of an ordinance, *held* not the proximate cause of injury to a third person shot by the boy while shooting at a target.

5. NEGLIGENCE, § 118*—*when declaration insufficient.* A declaration charging negligence in the sale of a rifle to a boy is insufficient to state a cause of action at common law in the absence of any allegation of the latter's unfitness or inexperience.

6. PLEADING, § 100*—*when general issue does not cure defects in declaration.* Failure of the declaration to state a cause of action is not cured by the filing of the general issue.

Error to the Superior Court of Cook County; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914. Rehearing denied March 23, 1914.

R. WILSON MORE, for plaintiff in error; GEORGE H. MASON and FRED B. HOVEY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; HAMILTON MOSES and WALTER BACHRACH, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff in error seeks to have reversed a judgment for the defendant on a directed verdict in an action brought to recover damages for injuries caused, as alleged, by the sale of a gun by the defendant to a minor, contrary to the provisions of a city ordinance, which forbids under penalty the sale of firearms to minors.

The declaration sets out a municipal ordinance of the city of Chicago, which provides that "no person shall sell, loan or furnish to any minor, any gun, pistol or other firearm," and that defendant negligently and carelessly, and in violation of the ordinance, sold a gun to Oscar Soderquist, a minor fifteen years of age, and

that said Soderquist discharged a bullet from the gun which struck the plaintiff, inflicting the injuries complained of. Upon the trial the ordinance was introduced in evidence, and it was proved that the defendant, Boston Store, sold to Soderquist, who was then fifteen years of age, a 22 caliber rifle and two boxes of cartridges; that the boy took the gun home and hid it for about two days, and on the following Saturday took it out, loaded it with the cartridges which he had bought, put a target on the fence in the back yard of his home, and shot at the target; that the bullet passed through the fence and struck the plaintiff, who was then passing along the public alley at the rear of the yard.

At the conclusion of plaintiff's case, upon motion, the court instructed the jury to return a verdict finding the defendant not guilty.

Plaintiff argues that the violation of a municipal ordinance, enacted for the safety of the public, is *prima facie* evidence of negligence, and many cases are cited which support this as a general proposition. We understand counsel for defendant to concede this to be the law. We think, however, that counsel for plaintiff is in error in assuming that a sufficient averment of negligence or evidence sufficient to support a finding of negligence by the defendant necessarily involves liability. In addition to proving negligence, there must also be shown some causal connection between the negligent act and the injury for which compensation is sought. Among the many decisions so holding are *Illinois Cent. R. Co. v. Schmitt,* 100 Ill. App. 490; *Toledo, W. & W. Ry. Co. v. Jones,* 76 Ill. 311; *Chicago, B. & Q. Ry. Co. v. Notzki,* 66 Ill. 455; *Gibson v. Leonard,* 143 Ill. 182; *Schulte v. Schleeper,* 210 Ill. 357.

Before the defendant can be held liable in this case it must appear that the sale of the gun to Soderquist was the proximate cause of plaintiff's being shot. The rules for determining whether a negligent act or omission is the proximate cause of an injury have been

stated in many cases, with practically no difference of opinion as to what the rules are. To constitute proximate cause, the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the existence of the condition is not the proximate cause of the injury. When the act of a third person intervenes which is not a consequence of the first wrongful act or omission, and which could not have been foreseen by the exercise of reasonable diligence, and without which the injurious consequences could not have happened, the first act is not the proximate cause of the injury. If the act of a third person, which is the immediate cause of the injury, is such as in the exercise of reasonable diligence could not have been anticipated, and the third person is not under the control of the one guilty of the first act, the connection is broken, and the first act is not the proximate cause of the injury. *Seith v. Commonwealth Electric Co.*, 241 Ill. 252; *Chicago Hair & Bristle Co. v. Mueller*, 203 Ill. 558.

In Cooley on Torts (3d Ed.) 99, the rule is stated as follows: "If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote."

Wharton thus discusses the question: "Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative for the general reason that causal con-

nection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor and insulates my negligence so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured.'' Wharton on Negligence, sec. 134.

With these principles in mind, it cannot properly be said that the sale of the gun to Soderquist was the proximate cause of the injury received by the plaintiff. We have here a situation where the sale of the gun did nothing more than furnish a condition by which the accident was made possible; the injury was caused by the intervening, independent act of a third person, namely the boy, Soderquist. The sale of the gun must be classed, with respect to the causal connection, as should be the manufacturing of the gun or the manufacturing of the cartridges, and the shape and material of the bullet, or the sale of the cartridges to the boy, each of which things contributes to the circumstances and conditions which made possible the injury, but none of which things could be said with reason to be the proximate cause of the injury.

Some of the cases in which the same conclusion was reached, upon facts similar to those before us, are *Loftus v. Dehail,* 133 Cal. 214; *Otten v. Cohen,* 1 N. Y. Supp. 430; *O'Connor v. Brucker,* 117 Ga. 451; *Tutein v. Hurley,* 98 Mass. 211; *Beetz v. City of Brooklyn,* 75 N. Y. St. Rep. 1376; *Seymour v. Union Stock Yards & Transit Co.,* 224 Ill. 579.

In *Binford v. Johnston,* 82 Ind. 426, cited by plaintiff, the facts somewhat resemble those before us but are different in some important particulars. In that case it appears that the defendant sold ordinary pistol

cartridges to two boys, ten and twelve years old, for use in a toy pistol; that defendant instructed them how to use these cartridges in the toy pistol, that he knew it was dangerous so to use them, and also knew that the lads were unfit to be given such articles. Such facts are not present in the case before us.

We cannot agree with counsel for plaintiff that regardless of the ordinance the declaration stated a good cause of action at common law.

As was said in *Palm v. Ivorson,* 117 Ill. App. 535, where the facts are practically like those before us: "Danger cannot be reasonably anticipated by permitting a boy twelve years old to have and use a gun when he is experienced in the use of guns, is acquainted with their construction and the proper mode of carrying, handling and discharging them and has been careful in their use." The declaration by omitting any allegation of the inexperience or unfitness of the minor, Soderquist, failed to state a cause of action at common law, and this failure cannot be cured by the defendant filing a plea of general issue. *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100.

Under the declaration and evidence no liability of the defendant was shown, and the order of the trial judge in instructing the jury to return a verdict of "not guilty" was proper, and the judgment is affirmed.

*Affirmed.*