Joan Semeniuk, by Joseph Semeniuk, her Father and Next Friend, Appellant, v. Viriginia Chentis, Anthony Chentis, Sherman T. Swanson, Trading as For Men, Schuham Hardware Company et al., Appellees.

Gen. No. 46,148.

Opinion filed March 8, 1954. Released for publication March 24, 1954.

TOM L. YATES, and LOUIS A. SMITH, both of Chicago, for appellant.

MARION J. HANNIGAN, GEORGE F. CALLAGHAN, and EDWARD WOLFE, all of Chicago, for certain appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Joan Semeniuk, a minor, by Joseph Semeniuk, her father and next friend, filed an amended complaint in the superior court of Cook county alleging that on June 22, 1950, on a public street in a populous area in the City of Chicago, she was shot in the eye and blinded by a BB pellet discharged from an air rifle by Leonard Chentis, a minor of less than 7 years of age. She names as defendants Leonard Chentis, the minor who discharged the missile from the air rifle, Virginia Chentis and Anthony Chentis, his parents, Sherman T. Swanson, the merchant from whom the air rifle and certain BB pellets were purchased, Schuham Hardware Company, a corporation, from whom the ammunition used in the mishap was purchased, and John McElheny, who handed the ammunition to Leonard Chentis and assisted him in loading the rifle, and asks damages of $100,000. A motion to dismiss the amended complaint

509

on the ground that it does not state a cause of action, filed by Swanson, was sustained. The plaintiff elected to stand on her amended complaint and judgment was entered in favor of Swanson, to reverse which this appeal is prosecuted.

The amended complaint avers that prior to June 22, 1950, the parents of Leonard purchased the air rifle and ammunition to be used therewith from Swanson, a merchant doing business in Chicago, and delivered the rifle into the possession of their son, Leonard; that at the time of the purchase Swanson knew that the rifle was being purchased for the use of and was to be put in the possession of Leonard, that the defendant knew or ought to have known that Leonard was unacquainted with and inexperienced in the use of air rifles, and knew or ought to have known that if the air rifle was placed in the possession of or used by Leonard and the ammunition therefor made available, he would load and discharge the rifle in Chicago, Illinois, and that if he did load and discharge the rifle in Chicago, it would be probable that a member of the public would come to some harm from the use of the rifle, Leonard being known to the defendant to be a child of less than 7 years of age, lacking in judgment and discretion and lacking in knowledge of the dangerous consequences of the use and discharge of an air rifle.

At the time the rifle was purchased the parents also purchased ammunition for the rifle. The pellet which struck plaintiff causing her injury was not part of the ammunition purchased from Swanson. Leonard Chentis and John McElheny, minors, purchased the additional ammunition for the air rifle from the Schuham Hardware Company. John gave the ammunition to Leonard and assisted him in loading the rifle. The carelessness and negligence of Leonard caused the rifle to

be discharged, injuring the plaintiff. The pellet which struck plaintiff in the eye was part of the ammunition purchased from the Schuham Hardware Company. Leonard had no experience with air rifles or any other firearms and was lacking in judgment and discretion and in the knowledge of the dangerous consequences of the use and discharge of an air rifle. Swanson knew at the time of the sale that the air rifle was being purchased for the use of and was to be in the possession of Leonard, and then knew or ought to have known that Leonard was unacquainted and inexperienced in the use of air rifles, and knew that if the air rifle was placed in the possession of or used by Leonard, he would load and discharge the rifle in Chicago. Swanson also knew that Leonard was a child of less than 7 years of age, lacking in judgment, discretion and knowledge of the dangerous consequences of the use and discharge of air rifles.

Plaintiff states that she has a good cause of action against Swanson. This defendant maintains that the sale of the air rifle by him to "Virginia Chentis and Anthony Chentis" was not the proximate cause of the subsequent injury sustained by the plaintiff. Both parties cite *Hartnett v. The Boston Store of Chicago,* 265 Ill. 331, in support of their position. In that case it was alleged that the defendant violated the provisions of an ordinance of Chicago which prohibited the sale of firearms to minors. The defendant sold to Oscar Soderquist, a boy 15 years of age, a 22-caliber rifle and two boxes of cartridges therefor. He took the gun and ammunition to his home, where he hid it for a few days. Subsequently, while using the rifle in target practice he hit the plaintiff who was walking along the public alley. The court allowed defendant's motion for a directed verdict and entered judgment accordingly. The Appellate (185 Ill. App. 332), and the Supreme Courts

affirmed the judgment. The Supreme Court said that an unloaded gun is not inherently dangerous and that the plaintiff was bound to allege and prove that her injury might reasonably have been anticipated as a consequence of the sale of the gun to the boy, but it was not alleged that there was anything in the character or disposition of the boy or such want of skill and experience as rendered it dangerous for him to have a gun. The court concluded that the evidence did no more than show that the defendant created a condition by which the injury to plaintiff was made possible through the carelessness of the boy.

■ ■ In section 308 in Restatement of the Law under the title Torts, the authors state (835):

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

Under Comment b. pertaining to this quotation, the authors state:

"The rule stated in this Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Thus, it is negligent to place loaded firearms or poisons within reach of young children or feeble-minded adults."

In the same volume, section 447, the authors say:

"Negligence of Intervening Act. The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent con-

duct should have realized that a third person might so act, . . . ."

In the case of *Wintersteen v. The National Cooperage & Woodenware Co.*, 361 Ill. 95, our Supreme Court discusses the doctrine of proximate cause. The plaintiff recovered a judgment for personal injuries sustained by him in Pennsylvania when he was unloading barrels from a railway boxcar shipped by the defendant from Peoria, Illinois. There was evidence of violation on an interstate commerce rule and of negligence in the loading of the boxcar at Peoria, and that because of the manner in which it was loaded, the plaintiff was injured. The court said (104):

"It is difficult to write a general rule by reason of the complex and diversified circumstances arising daily in the modern industrial and business world defining a situation in which the causal connection is broken so as to release the party guilty of negligence in the first instance from liability for the injury suffered by another. It may be stated as a general rule that in order to render the party liable for his negligent act such act must be so related to the injury as to be the proximate cause thereof. The intervention of independent, concurrent or intervening forces will not break the causal connection if the intervention of such independent force was itself probable and foreseeable. (*Sullivan v. Ohlhaver Co.*, 291 Ill. 359; *Miller v. Kelly Coal Co.*, 239 id. 626.) Tested by this rule, the facts fail here to show, as a matter of law, the interruption of the causal connection, or that the dunnaging of the car with defective materials or in an improper manner was not the proximate cause of the plaintiff's injuries. Such issue was a question for the jury."

In the *Hartnett* case the declaration failed to make any allegation that the minor was inexperienced in the use of firearms or unfit in anywise to handle or use them,

and "therefore omitted an element essential to constitute a legal cause of action." The amended complaint in the instant case supplies the element that was absent in the *Hartnett* case. We find that the amended complaint states a cause of action at common law. We do not think that the allegations as to the violation of the city ordinances by Swanson state a cause of action. The judgment of the superior court of Cook county is reversed and the cause is remanded with directions to proceed in a manner consistent with the views expressed.

*Judgment reversed and cause remanded with directions.*

NIEMEYER, P. J. and FRIEND, J., concur.