Joseph Maramba, a Minor, by Daniel Maramba, His Father and Next Friend, and Daniel Maramba, Individually, Plaintiffs-Appellants v. Gerald C. Neuman, Individually and as Guardian for James Neuman, a Minor, and James Neuman and Polk Bros., Inc., an Illinois Corporation, Defendants-Appellees.

Gen. No. 51,033.

First District, Third Division.

April 6, 1967.

Reibman & Hoffman, of Chicago (Sheldon N. Reibman and Burton L. Hoffman, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller and John F. O'Meara, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiffs appeal from an order sustaining a motion of the defendant, Polk Bros. Inc., to strike and dismiss the amended complaint.

The main point argued by plaintiffs on this appeal is that every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonable, probable and foreseeable consequence of his act.

The amended complaint alleged that on April 13, 1963, the plaintiff, Joseph Maramba, a child, was playing with James Neuman, age 10, in Prospect Park, Cook County, Illinois; that James Neuman threw a boomerang which struck the plaintiff in his right eye, causing a serious impairment of vision. It was further alleged that the throwing of the boomerang was negligent or, in the alternative, intentional. The boomerang was given to the father of James Neuman by the defendant, Polk Bros. Inc., a short time prior to April 13, 1963. According to the amended complaint, at the time the father secured the boomerang from Polk Bros. Inc., it (Polk Bros. Inc.) was aware that the boomerang was going to be used by the son James, who at the time was ten years old and neither experienced nor expert in the use of a boomerang. It was further alleged that the defendant, Polk Bros. Inc., knew that a boomerang was a dangerous

instrumentality in the hands of a child inexperienced in its use.

It is argued by the plaintiffs that since a motion to dismiss a complaint admits those facts which are directly alleged by the plaintiffs, it must, therefore, be admitted for the purpose of this appeal (1) that a boomerang is a dangerous instrumentality when used by a child, in that it is thrown with great force into the air and is uncontrollable by the thrower; (2) that Polk Bros. Inc., knew that when it gave a boomerang to Gerald Neuman he would permit his son James Neuman to use it; (3) that James Neuman, who was ten years old, was not an expert or proficient in the use of a boomerang, and this fact was known to Polk Bros. Inc., and (4) that plaintiff was injured as a result of James Neuman's negligent use of the boomerang.

The defendant, Polk Bros. Inc., contends that the amended complaint is faulty because it was based upon conclusions rather than ultimate facts.

For the purpose of this appeal we do not think it necessary to determine whether the amended complaint was based upon conclusions of fact or law, as we believe that the more important questions are whether the defendant here, Polk Bros. Inc., owed a duty to the plaintiff to guard against the particular injury complained of, and whether the injury complained of would naturally flow as a reasonable, probable and foreseeable consequence of its act.

■ The defendant, Polk Bros. Inc., in its argument referred to the boomerang as a toy boomerang. This reference was objected to by the plaintiffs, both in their brief and during oral argument. The amended complaint did not allege the type of boomerang and we think, since the pleading must be construed most strongly against the pleader before judgment, (Semmler v. Accettura, 31 Ill App2d 249, 175 NE2d 297), the defend-

ant, Polk Bros. Inc., was at liberty to describe the boomerang as a toy boomerang.

We will consider the more important question: Did Polk Bros. Inc., by giving the boomerang to Gerald Neuman, knowing he would permit his son, James Neuman, who was then ten years old and not proficient in the use of a boomerang, incur a liability arising out of the use of the boomerang which resulted in injury to the plaintiff? We must first consider whether a boomerang as such is a dangerous instrumentality. Dean Prosser in (Prosser, Torts, 3rd Ed page 378, 1964) states the following:

> "There is virtually no condition upon any land with which a child may not possibly get himself into trouble. He may choke to death upon a green apple, pick up a stick and poke it into his eye, or have his skull fractured by a rock found and thrown by his companion. Unless the possessor is to shoulder the impossible burden of making his land competely 'childproof,' which might mean razing it to the bare earth, something more is called for than the general possibility of somehow coming to some harm which follows the child everywhere throughout his daily existence."

A child can be injured by an ice skate, a roller skate, a bicycle, a baseball or bat, a croquet mallet and many other items which are commonly used by children. Had Polk Bros. Inc. given the father of James Neuman a bicycle and James Neuman was not experienced in operating the bicycle, could it be said that Polk Bros. Inc. would be liable because James Neuman, age 10, had injured the plaintiff while operating the bicycle? We think not.

■ ■ The plaintiffs, in their brief, relied to some extent upon Pitts v. Basile, 55 Ill App2d 37, 204 NE2d

43. However, after the briefs had been filed, the Supreme Court reversed that case in 35 Ill2d 49, 219 NE2d 472. The Pitts case involved an injury to a child when he was struck by a dart thrown by another child of the age of 8, who had purchased darts from a retailer. The darts involved in that case were about 6½ inches long, with multicolored feathers on one end and a 1½ inch steel barb on the other. In that case the wholesaler of the darts had been sued by the minor, Dale Pitts. The appeal was taken only by the wholesaler, who had sold the darts to the retailer, who, in turn, had sold a package to the eight-year-old child. In using the darts the eight-year-old child caused permanent injuries to another child's eye. In that case the Supreme Court pointed out that a Tennessee court in Highsaw v. Creech, 17 Tenn App 573, 69 SW2d 249, 252, held "an air gun is not a dangerous instrumentality of itself, but is in fact a toy . . . . The fact alone that an injury may be inflicted by such a toy does not make of it a dangerous instrumentality in the sense that the term is generally used." Again in the Pitts case, supra, the Supreme Court on page 52 said the following:

> "In Morris v. Toy Box, (Cal App 1962) 22 Cal Rptr 572, 574-5, a complaint brought by a minor against a retailer alleging that the retailer knew that the intended user of a bow and arrow was the purchaser's ten-year-old boy was dismissed, the court saying, 'the bow and arrow has been in use by young and old alike for thousands of years. . . . To us it is simply inconceivable that a 10-year-old boy, much less his mother, would be unacquainted with the use of so common an article as the one here in question.' See also, White v. Page, (Ohio App 1950) 105 NE2d 652."

The Supreme Court then commented on section 390 of the American Law Institute's Restatement of Torts 2d, which reads as follows:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

The Supreme Court in the Pitts case continued on page 53:

"We think it is significant, however, that of the eight illustrations contained in the Comment to section 390, six deal with the liability of persons who permitted an automobile to be driven by one who, for one reason or another, was known to be likely to create an unreasonable risk of harm. Another illustration involved the renting of a boat to intoxicated persons. The illustration that is closest to the case before us is illustration No. 1: 'A gives a loaded gun to B, a feeble-minded girl of ten, to be carried by her to C. While B is carrying the gun she tampers with the trigger and discharges it, harming C. A is subject to liability to C.' The factual situation presented in this illustration is remote indeed from the case before us."

The Supreme Court continues in the Pitts case with the discussion of the case of Semeniuk v. Chentis, 1 Ill App2d 508, 117 NE2d 883, and mentions that that case is cited in the Reporter's Notes to section 390. The complaint in that case alleged that the defendant, a mer-

101

chant, had sold an air rifle to the father of a seven-year-old boy; that the defendant knew or ought to have known that the boy was unacquainted with and inexperienced in the use of air rifles and that, if the boy loaded or discharged the rifle, it would be probable that a member of the public would come to some harm therefrom. The complaint further alleged that the boy was known to the merchant to be a child of less than seven years of age, lacking in judgment and discretion and lacking in knowledge of the dangerous consequences of the use and discharge of an air rifle. The trial court sustained a motion to dismiss the complaint insofar as it asserted liability against the merchant. The appellate court reversed, and remanded the case for trial. This significant language appears on page 53 of the Pitts case, supra, immediately after discussing the Semeniuk v. Chentis case, supra, "The judgment of the appellate court was not final, and was not subject to review by this court." The natural inference to be drawn from that statement is that had the judgment of the appellate court been final and subject to review by the Supreme Court, the Supreme Court would have reversed the appellate court.

██ Our courts have held that automobiles are not inherently dangerous instrumentalities, Arkin v. Page, 287 Ill 420, 123 NE 30; Brill v. Davajon, 51 Ill App2d 445, 201 NE2d 253.

The plaintiffs cite the case of Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836, in connection with the duty owed by persons to exercise ordinary care to guard against injury which might naturally flow as a reasonable, probable and foreseeable consequence of his act.

██ ██ In a most recent case decided by the Supreme Court of Illinois, Lance v. Senior, 36 Ill2d 516, 224 NE2d 231, the court said:

"As the appellate court noted, we held in Kahn that whether or not a trespassing child would be

102

permitted to recover was not to be mechanically determined by ascertaining whether the label 'attractive nuisance' had previously been applied to the factual situation before the court. The Kahn case recognized a trend in the law which conditions the nature of the precautions which an occupier of land is required to take to prevent injury to a visitor upon the circumstances and purposes of the visit and the burden of guarding against injuries. (See Wagner v. Kepler, 411 Ill 368, 372; Prosser, Torts 381 (3d ed 1964); Restatement of the Law of Torts 2d sec 339). But the Kahn case does not decide this one."

■ ■ In the Lance case, supra, Randy Lance was a nine-year-old boy who suffered from hemophilia. The defendants knew this. He was an overnight guest in the defendants' home. The complaint alleged that the defendants on August 15, 1964, negligently and carelessly permitted and allowed the plaintiff to play with a needle which got into his throat and was sucked into the inner part of the plaintiff's lung, causing injuries. The trial court sustained a motion by the defendants to dismiss the complaint and entered judgment in their favor. The appellate court reversed, holding that the complaint stated a cause of action for negligence. 66 Ill App2d 41, 213 NE2d 616. The Supreme Court reversed the appellate court and said:

"After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account. In the present case the risk that a nine-year-old boy would swallow or otherwise ingest a needle is minimal. The allegation that the

103

defendants knew that the plaintiff was a hemophiliac does not justify the imposition of this duty, for it suggests that the plaintiff, who was not alleged to be mentally defective, would have been taught to guard against the special hazards to which his condition made him particularly vulnerable. The burden sought to be imposed upon the defendants is a heavy one, which would require intimate and constant surveillance."

■ We conclude that a boomerang, which is used by children, is not a dangerous instrumentality as such, merely because after it is thrown its flight cannot be controlled, any more than a baseball, a dart or many other articles, which are classified as toys, can be held to be dangerous instrumentalities.

■ We further conclude that an injury occasioned by the use of the boomerang in question by an inexperienced child, even where the merchant could reasonably have foreseen that the boomerang was to be used by that ten-year-old child, does not impose liability upon him.

Judgment affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.