BOLTON LINTON, Plaintiff-Appellant, *v.* SMITH & WESSON, a Division of Bangor Punta Corporation, Defendant-Appellee.

First District (2nd Division)   No. 83—2544

Opinion filed September 18, 1984.

Motherway & Glenn, of Chicago (Robert J. Drummond, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago, and John B. Glendon, of Greenwich, Connecticut (Anne G. Kimball, James D. Fiffer, and Carl R. Burnton, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff appeals from the dismissal of counts I and II of his second amended complaint seeking recovery from defendant, a handgun manufacturer, based upon its distribution of a gun which was used by a third party to injure plaintiff.

This action arose out of personal injuries suffered by plaintiff when he was shot in a Chicago tavern. Plaintiff's original complaint named Smith & Wesson and the tavern owner as defendants. Recovery was sought against Smith & Wesson, the manufacturer of the firearm used to shoot plaintiff, on a theory of strict liability in tort. Plaintiff's claim against the tavern was premised on the Illinois Dramshop Act. Upon motion of Smith & Wesson, the court dismissed the strict liability claim for failure to state a cause of action.

A first amended complaint followed, again seeking recovery against Smith & Wesson on a strict liability theory. The first amended complaint also named Charlene Eure as a defendant. Eure is the person who, while intoxicated, allegedly shot plaintiff. The court again dismissed the claim directed against Smith & Wesson as legally insufficient.

Plaintiff thereafter filed a second amended complaint. Four of the seven counts of this complaint are directed against Smith & Wesson. The three remaining counts are directed against the tavern and Eure. Count I alleges that Smith & Wesson is liable to plaintiff for the wilful and wanton distribution of the gun used to shoot plaintiff. Count II alleges that Smith & Wesson negligently distributed the firearm. Counts III and IV sought recovery from Smith & Wesson in strict liability.

All four counts directed against Smith & Wesson were stricken by the court for failure to state a cause of action. Plaintiff has not sought leave to amend these counts. Rather, he seeks review of the dismissal with respect to counts I and II only. The dismissal of counts III and IV is not challenged on appeal.

Both counts involved in this appeal charge Smith & Wesson with the duty to "prevent the sale of its handguns to persons who are likely to cause harm to the public." The determinative issue before this court, therefore, is whether such a duty existed. (See *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18, 440 N.E.2d 96; *Maramba v. Neuman* (1967), 82 Ill. App. 2d 95, 98, 227 N.E.2d 80.) "The determination of the question of duty, whether the parties stood in such a relationship to one another the law will impose upon one an obligation of reasonable conduct for the other's benefit, is an issue of law to be resolved by the court." *Walsh v. A. D. Conner, Inc.* (1981), 99 Ill. App. 3d 427, 430, 425 N.E.2d 1153.

Plaintiff argues that defendant has a duty to use "reasonable means to prevent the sale of its handguns to persons who are likely to cause harm to the public." The only Illinois authority cited by plaintiff in support of this contention is *Semeniuk v. Chentis* (1954), 1 Ill. App. 2d 508, 117 N.E.2d 883. We find this case to be distinguishable from the case at bar, as it does not involve liability based upon the manufacture of products intended for distribution to the general public, but rather imposes liability based upon the sale of toy weapons to children, a class of persons known to be irresponsible in the use of such products. In *Semeniuk*, the Illinois appellate court found that a retailer had a duty to the plaintiff to use care in selling air rifles to persons whom the retailer knew would allow their use by young children. In that case, the defendant, a merchant, sold an air rifle to the father of a seven-year-old boy who, the defendant knew, lacked the judgment, discretion and experience to use such a product safely and who would in all probability discharge the gun in the city of Chicago and thereby endanger members of the public. *Semeniuk* dealt only with the liability of the retailer, and did not impose liability upon the manufacturer of the air rifle or upon a remote vendor. (See *Pitts v. Basile* (1966), 35 Ill. 2d 49, 54, 219 N.E.2d 472.) This case therefore sheds little light on the issue now before us.

Plaintiff also cites *Moning v. Alfono* (1977), 400 Mich. 425, 254 N.W.2d 759, in which the supreme court of Michigan held that a manufacturer, wholesaler and retailer of toy slingshots which were marketed directly to children owed a legal obligation of due care to bystanders affected by the use of the products. (400 Mich. 425, 432, 254 N.W.2d 759, 762.) However, *Moning*, a 3-2 decision of the Supreme Court of Michigan in which two justices did not participate, is of questionable precedential value in Illinois.

No Illinois decision has imposed a duty upon the manufacturer of a nondefective firearm to control the distribution of that product to

the general public, such regulation having been undertaken by Congress, the Illinois General Assembly and several local legislative bodies. (See 18 U.S.C. sec. 921 *et seq.* (1976); Ill. Rev. Stat. 1981, ch. 38, par. 83—1 *et seq.*; and the Chicago Municipal Code 1982, ch. 110, sec. 11.1 *et seq.*) Plaintiff has made no allegations that defendant circumvented any of these regulations.

We find that the trial court correctly determined that defendant owed no duty to plaintiff based upon the allegations of counts I and II of his second amended complaint, and therefore that these counts were properly stricken as being substantially insufficient as a matter of law. Ill. Rev. Stat. 1981, ch. 110, par. 2—615.

The decision of the circuit court is affirmed.

HARTMAN, P.J., and DOWNING, J., concur.