BRIAN TETER, Plaintiff-Appellant, v. ORVILLE CLEMENS *et al.*, Defendants-Appellees.

Second District No. 84—254

Opinion filed March 8, 1985.

NASH, P.J., dissenting.

H. Kent Heller, of Harlan Heller, Ltd., of Naperville, for appellant.

Lloyd J. Tyler, of Tyler, Solomon & Hughes, of Aurora, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Brian Teter, appeals from the dismissal of his amended complaint upon the motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) of defendants, Orville and Betty Clemens. Plaintiff, age five at the time of the occurrence, stated in his complaint that he sustained injury resulting from being struck in the eye with a pellet which had been fired from a pellet pump pistol by the defendants' five-year-old grandson who had come into possession of that pistol from a place alleged to be accessible to the reach of the grandson on defendants' premises.

The issues presented on appeal are whether plaintiff's three-count amended complaint stated a cause of action, and whether the trial court should have allowed plaintiff leave to amend in the event the amended complaint did not state a cause of action.

Plaintiff's three-count complaint alleged as to all counts that on June 2, 1968, plaintiff was then five years old, that Greg Clemens, the grandson of defendants, was also five years old, that defendants had previously purchased a pellet pump pistol and ammunition, and that defendants knew or should have known that their grandson came upon their premises with playmates. In count I, plaintiff predicates his cause of action against defendants for their negligent entrustment of a pellet pump pistol, alleged to be a dangerous instrumentality, to their grandson, who came into possession of the pistol from a place accessible to the reach of their grandson in their home. He alleges defendants knew or should have known their grandson was a young

child not skilled in the use of a pellet pistol and a member of a class notoriously likely to misuse a pellet pistol, defendants knew or should have known he might discharge the pellet pistol and harm could come to plaintiff or other children, defendants placed the loaded pellet pistol "in such a place as to be accessible to the reach of the young grandchild," and the grandchild came into possession of the pellet pistol and discharged it on defendants' premises causing injury to the plaintiff.

In count II, plaintiff seeks to recover against defendants as owners of the premises for defendants' failure to warn him of the risk of being on their premises when their grandson was in possession of the pellet pistol which it is alleged created an unreasonable, dangerous condition on the premises. Plaintiff states he was of such an age that he was unaware of the nature of the risk should defendants' grandson come into possession of the pellet pistol, defendants did not warn him of the risk of being on their premises when their grandson was in possession of the pistol, defendants knew or should have known of their grandson's possession of the pistol, or should have taken precautions to prevent such possession, and defendants' grandson's possession of the pistol on the premises created an unreasonable, dangerous condition requiring defendants to warn plaintiff.

Count III sought to set aside a release executed by plaintiff's parents, which plaintiff now claims was obtained through the mutual mistake of fact as to the permanency of his eye injury.

Defendants' motion to dismiss was pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) and alleged the amended complaint was insufficient in law because plaintiff could not recover on a negligence theory and defendants had no duty to supervise the activities in question. The trial court dismissed the amended complaint without providing a basis for the order in the record provided us.

In considering a motion to dismiss for failure to state a cause of action, plaintiff's pleaded facts are assumed to be true (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 232, 408 N.E.2d 198), and an appeal from such a dismissal order for failure to state a cause of action preserves for review only a question of law as to the complaint's legal sufficiency. *Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 334, 443 N.E.2d 1162.

Plaintiff contends that count I pleads a cause of action based upon a theory of negligent entrustment. He essentially contends that the loaded pellet pistol is an inherently dangerous instrumentality, and, when left on defendants' premises in a place accessible to a five-year-

old who had no experience with any type of firearms, defendants knew or should have known that such person might obtain and misuse the dangerous instrumentality and cause injury to himself or another. Plaintiff cites section 308 of the Restatement (Second), of Torts (1965), which provides:

"Permitting Improper Persons to Use Things or Engage in Activities

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

Plaintiff also refers to comment *b* of section 308, which provides, in pertinent part, that:

"*b*. The rule stated in this Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Thus, it is negligent to place loaded firearms or poisons within reach of young children or feeble-minded adults."

Relying on the Illinois cases of *Semeniuk v. Chentis* (1954), 1 Ill. App. 2d 508, 117 N.E.2d 883, and *Palm v. Ivorson* (1905), 117 Ill. App. 535, and authority from other jurisdictions which have upheld an action based on a negligent entrustment theory under somewhat similar circumstances (see, *e.g., Kuhns v. Brugger* (1957), 390 Pa. 331, 135 A.2d 395), plaintiff maintains count I adequately sets forth the elements needed to state a cause of action.

■■ ▌ It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116), and the existence of a duty must be determined by the courts as a matter of law. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 18-19, 440 N.E.2d 96.) The determination of the question of duty, whether the parties stood in such a relationship to one another that the law will impose upon one an obligation of reasonable conduct for the other's benefit, is an issue of law. (*Linton v. Smith & Wesson* (1984), 127 Ill. App. 3d 676, 678, 469 N.E.2d 339.) Whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing the burden upon the defendant must be taken into account. *Osborne v. Sprowls* (1981), 84 Ill. 2d 390, 396-97, 419 N.E.2d 913.

We have found no Illinois authority which has addressed the precise factual situation present here, the liability to third persons of one who keeps a loaded pellet pistol in his home which is alleged to be accessible to his five-year-old grandson who obtains it and injures the plaintiff. However, two dated Illinois Appellate Court opinions have recognized a cause of action against a person who places in the hands of a minor a dangerous instrument or article under such circumstances that he has reason to know that it is likely to produce injury or create an unreasonable risk of harm. See *Semeniuk v. Chentis* (1954), 1 Ill. App. 2d 508, 117 N.E.2d 883 (cause of action stated against seller of air rifle to parents of intended user, a minor under age seven); *Palm v. Ivorson* (1905), 117 Ill. App. 535 (recognizes a cause of action but concludes no recovery against father of 12-year-old who instructed boy in the use of guns); *cf. Van Skike v. Zussman* (1974), 22 Ill. App. 3d 1039, 318 N.E.2d 244.

There is considerable conflict among the other jurisdictions that have considered the question of the liability of a person either permitting a child to have a gun, or leaving the gun accessible to the child, for injury inflicted by the child on another. (See Annot., 68 A.L.R.2d 782 (1959), and Later Case Service (1984).) As discussed in an annotation, 68 A.L.R.2d 782 (1959), liability for permitting a minor to have a gun or leaving one accessible to him is usually based upon a failure to exercise the required degree of care in regard to a dangerous instrumentality. *Prima facie* negligence is established by showing that defendant permitted an inexperienced or irresponsible infant to have a dangerous gun or that he left such a gun where he should have foreseen it would come into the hands of such a child. In determining the question of the negligence of one permitting access to a gun, the courts of other jurisdictions have taken into consideration the age of the minor, the type of gun or instrumentality involved, and the place where the gun was kept. See generally, Annot., 68 A.L.R.2d 782 (1959) and Later Case Service (1984).

■ In the instant case, the allegations of count I set forth that the minor grandson was five years old, that the minor grandson was of a class of persons too young to exercise judgment in the use and control of a pellet pistol, that the defendants placed a loaded pellet pistol in such a place as to be accessible to the reach of their grandson, and that defendants knew or should have known that if the pellet pistol came into the hands of their grandson he might discharge it and injure another minor such as plaintiff. To state a cause of action a complaint must be legally sufficient—it must set forth a legally recognized claim as its avenue of recovery; and it must be factually suffic-

ient—it must plead facts which bring the claim within the legally recognized cause of action alleged. *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.

A cause of action is recognized in Illinois against a person who places in the hands of a minor a dangerous instrument, or an article under such circumstances that he has reason to know that the minor is likely to use the article in such a manner as to create an unreasonable risk of harm to others, and who causes a foreseeable injury to another. (*Semeniuk v. Chentis* (1954), 1 Ill. App. 2d 508, 117 N.E.2d 883; see Restatement (Second) of Torts sec. 308 (1965).) Similarly, there is a general recognition of authority that a duty in such an action extends beyond the actual placing of the dangerous instrumentality in the hands of the minor and is applicable where such instrumentality is in a place within the reach of young children. See Restatement (Second) of Torts sec. 308 comment *b* (1965); Annot., 68 A.L.R.2d 782 (1959); *Kuhns v. Brugger* (1957), 390 Pa. 331, 135 A.2d 395.

*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231, relied on by defendants, is not controlling under the facts pleaded here. In *Lance*, no duty was found to exist upon the defendants to guard against the risk that a nine-year-old boy who was a guest in their house would swallow a needle. We regard the likelihood of injury under the facts alleged in the instant case as far more foreseeable, and the defendants' burden of guarding against it not sufficiently great to preclude imposition of a duty here.

Thus, we believe plaintiff has alleged a legally recognized claim of recovery, and has alleged sufficient facts which bring the claim within this cause of action. While we do have some concern about the generality of the allegation that the pellet pistol was "in such a place as to be accessible to the reach" of defendants' grandson, defendants did not move to make the pleading more definite and certain (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a)), and, consequently, we will not require under these circumstances that plaintiff have set out in more detail his evidence. *Cf. People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.

Our recognition that count I states a cause of action founded on a negligent entrustment theory, is not, of course, a determination that defendants were negligent and plaintiff is entitled to recover. We do not reach the merits of the cause of action at this stage. Nor can we now define the parameters of the accessibility of the pellet pistol to a child for liability to be imposed or under what circumstances a pellet pistol is a dangerous instrumentality. These ultimately will be mixed

issues of law and fact which will be decided at a later point in the proceedings. See *Alessi v. Alessi* (1984), 103 App. Div. 2d 1023, 478 N.Y.S.2d 396; *Glean v. Smith* (1967), 116 Ga. 111, 156 S.E.2d 507.

■■ Having concluded count I states a cause of action under a negligent entrustment theory on the facts pleaded, we do not believe plaintiff's alternate theory of recovery as pleaded in count II states a proper separate action based on the allegation of failure of defendants, as owners of the premises, to warn plaintiff of an unreasonable, dangerous condition on the premises caused by the possession of the pellet pistol by their minor grandson. The liability of a possessor of land to a child as formulated in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, and *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, is concerned with a condition of the land (see Restatement (Second) of Torts sec. 339 (1965)), and is inapplicable to the facts pleaded here. Count II was properly dismissed.

■■ As count III sought to set aside a release previously executed by plaintiff's parents and we assume was dismissed as moot because the trial court found no cause of action existed in counts I and II, we necessarily must reverse the dismissal of count III as we are reinstating count I.

For the foregoing reasons, the judgment of the circuit court of Kane County is reversed as it pertains to counts I and III, and affirmed as to count II.

Affirmed in part, reversed in part, and remanded.

STROUSE, J., concurs.

PRESIDING JUSTICE NASH, dissenting:

I respectfully dissent from the extension of the tort theory of negligent entrustment to the facts alleged in count I of this complaint.

I have no quarrel with the proposition that one who knowingly permits a five-year-old child to use a dangerous instrumentality may be liable for foreseeable injuries to a third party. I am not persuaded, however, that this court should, for the first time in Illinois, recognize a cause of action against the owner of a potentially dangerous object present in his home who simply was unable or failed to prevent a visiting five-year-old child from reaching it.

As noted by the majority, courts in Illinois have recognized a cause of action where a defendant has placed a dangerous instrument in the hands of a minor. (*Semeniuk v. Chentis* (1954), 1 Ill. App. 2d

508, 117 N.E.2d 883; *Palm v. Ivorson* (1905), 117 Ill. App. 535.) There are, however, few cases from any jurisdiction, and none from this State, in which liability is premised merely upon leaving a potentially dangerous object where it could be accessible to the child. See Annot., 12 A.L.R. 812 (1921).

The issue presented has been most fully discussed in *Kuhns v. Brugger* (1957), 390 Pa. 331, 135 A.2d 395, which is relied upon by the majority here. I find the thoughtful dissent by Justice Bell in that case to express the best view of the question and would follow it. In *Kuhns*, the court placed a duty of exercising not simply ordinary, but extraordinary care, upon a possessor of a firearm to prevent harm to others. It did not address whether other objects such as knives, medicines or poisonous substances would also require the same degree of care.

In dissent, Justice Bell noted there are always present in any home many dangerous items with which a child may be injured or injure others, and that the standard of care thus imposed upon homeowners was too far-reaching.

Absent factual allegations demonstrating that defendant made the pellet pistol available to his grandson, plaintiff has failed to adequately plead the theory of negligent entrustment. The general allegation that defendant's pistol was in a place in his home accessible to the child's reach is insufficient.