389 So.2d 1238 (1980)
James Lamar FUQUAY, As Personal Representative of John Fuquay, Deceased, Appellant,
v.
REVELS MOTORS, INC., Guignard Freight Lines, Inc., and William Baker, Appellees.
No. SS-74.
District Court of Appeal of Florida, First District.
November 13, 1980.
*1239 David R. Lewis of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for appellant.
S. Thompson Tygart, Jr., Jacksonville, Dale S. Wilson, Green, Cove Springs, Michael I. Coulson and Joseph P. Milton of Howell, Howell, Liles, Braddock & Milton, Victor M. Halbach, Jr., and Ronald L. Palmer of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
JOANOS, Judge.
This cause is before us on appeal from an order granting a motion to dismiss. The complaint alleged that in 1978, a 1974 Ford sedan owned and driven by John Fuquay was struck in the rear end by a truck owned by Guignard Freight Lines, Inc., and driven by an employee of Guignard. It was further alleged that the auto driven by John Fuquay exploded in flames and Mr. Fuquay died as a result. A wrongful death action was brought against the driver of the truck, William Baker, and Guignard, as well as Ford Motor Company and Revels Motors, Inc., a used auto dealership which sometime between 1974 and the collision sold the used Ford to the decedent. The cause against Revels Motors was dismissed and appellant has appealed that order.
The question before us at this time is whether or not the trial judge was correct in dismissing Count III of the Second Amended Complaint, the count for breach of warranty against Revels Motors. We have determined that the trial judge was correct and should be affirmed.
Count III alleged that the decedent had relied upon the skill and judgment of the auto dealer in making the purchase, and that Revels Motors, at the time the decedent purchased the auto, knew the purpose for which the buyer intended to use it, i.e., as a means of transportation on Florida highways. It was further alleged that Revels Motors impliedly warranted the auto was reasonably fit for the intended purpose of transportation "among and in traffic and in probable rear-end collisions." Finally, Count III alleged "the Ford exploded in flames due to the faulty design and placement of the gas tank in the body of the vehicle when it was struck from the rear by another vehicle while being used for its intended purpose, causing mortal injuries to John Fuquay who was then a user of the product." (emphasis ours)
Sections 672.314 and 672.315, Florida Statutes, provide for implied warranties of merchantability and fitness, and such warranties are applicable to used motor vehicles. See Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977); cf., Brown v. Hall, 221 So.2d 454 (Fla. 2d DCA 1969). "A contract for the sale of second-hand goods, however, involves only such obligation as is appropriate to such goods for that is their contract description." Comment 3 to § 672.314, Florida Statutes, 19A Florida Statutes Annotated 222 (1966).
The allegations of the complaint in the present case would be sufficient to state a cause of action against the manufacturer of the auto; see, e.g., Evancho v. Thiel, 297 So.2d 40 (Fla. 3d DCA 1974); Ford Motor Co. v. Evancho, 327 So.2d 201 (Fla. 1976). The complaint may also be sufficient to state a cause of action against a vendor of a new automobile. While we refrain from ruling on that point since it is not before us, we are aware that result was reached in Smith v. Fiat-Roosevelt Motors, Inc., 556 F.2d 728 (5th Cir.1977). The rationale for *1240 holding a manufacturer of new automobiles liable as in Suvada v. White Motor Co., 51 Ill. App. 318, 210 N.E.2d 182 (1965), would appear to be that losses should be borne by those "who have created the risk and reaped the profit by placing the product in the stream of commerce." When liability has been imposed upon wholesale or retail vendors of new merchandise, it has been said it is because of their role in the producing and marketing process, which "enables them to exert pressure on the manufacturer to enhance the safety of the product." See Peterson v. Lou Bachrodt Chevrolet Co., 61 Ill.2d 17, 329 N.E.2d 785 (1975). Neither rationale is applicable to a vendor of used automobiles.
In the present case appellee is a seller of used cars and has had no responsibility for the placement of the automobile into the stream of commerce. A vendor so removed from the original marketing chain is unable to exert any significant influence on the manufacturer, and we agree with the Illinois Supreme Court's determination in Peterson, supra, that in such circumstances the vendor should not be liable, absent additional facts,[1] for latent design defects in the product.
The dismissal of the cause against Revels Motors, Inc., is AFFIRMED.
WENTWORTH, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.
NOTES
[1] We do not hold that a cause of action for breach of implied warranty may never be stated against a used automobile dealer when a design defect is involved. In this particular complaint, however, no allegation was made that the used auto dealer knew or should have known of, or in any way had superior knowledge of the alleged design and placement defect. The result of finding that a cause of action exists under these circumstances would be to make the used automobile dealer a virtual insurer against every kind of defect.