425 So.2d 131 (1982)
Doris L. CUNNINGHAM, Appellant,
v.
LYNCH-DAVIDSON MOTORS, INC., a Florida Corporation, Appellee.
No. AK-56.
District Court of Appeal of Florida, First District.
December 29, 1982.
Rehearing Denied February 7, 1983.
*132 Wayne Hogan of Brown, Terrell & Hogan, P.A., Jacksonville, and Joseph S. Farley, Jr. of Mahon, Mahon & Farley, P.A., Jacksonville, for appellant.
William R. Swain of Webb, Swain & Watson, P.A., Jacksonville, for appellee.
PER CURIAM.
Doris L. Cunningham, as personal representative of the Estate of Rowland H. Cunningham, appeals from a final summary judgment in favor of the defendant, Lynch-Davidson Motors, Inc., in this wrongful death action. This suit arose out of a tragic incident when, on December 21, 1978, Rowland Cunningham died after being backed over by a loaded dump truck. We reverse.
Lynch-Davidson originally purchased only a new truck cab and chassis from the Ford Motor Company. It then sent the cab and chassis to the Rogers Manufacturing Company, which installed a "Rogers Dump Body" on the cab and chassis. Lynch-Davidson then sold the new dump truck to one Randolph Lewis on October 16, 1974. It was subsequently repossessed by Lynch-Davidson and then resold less than a year later to Carl Sams, who was driving the truck at the time of the accident.
The Estate asserted that the truck was defective in one or more of the following ways: that it was not equipped with any alarm system for warning those in the vicinity of the dump truck that it was moving in reverse gear; that it was not equipped with a reasonably adequate alarm system for warning those in the vicinity of the dump truck that it was moving in reverse gear; and, that it was not equipped with a reasonably adequate system of mirrors to enable the driver to see persons behind the dump truck when it was moving in reverse. As to specific instances of negligent design, the Estate complained of defects in the audible alarm system for warning those in the vicinity of the truck that it was moving in reverse gear and of the placement of the back-up lights, which were so positioned as to be covered with mud and thus rendered useless. Upon this basic overlay of facts, however, the trial judge granted final summary judgment, including "that this was a used vehicle and there is no duty on the part of a retail seller of a used vehicle to the user of a vehicle with reference to breach of implied warranty or negligence and failure to provide safety devices." This appeal ensued.
We conclude that, under the particular facts of this case, Lynch-Davidson is, for all practical purposes, the manufacturer of this dump truck and subject to liability *133 under the doctrine enunciated in West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976). In view of this determination, it is unnecessary to determine whether Lynch-Davidson would be liable as the seller of the vehicle.[1] It is well established in Florida that the assembler of a product, which includes a component part manufactured by another, who sells the completed product as its own and thereby represents to the public that it is the manufacturer is also considered the manufacturer of the component part. E.g. Favors v. Firestone Tire & Rubber Company, 309 So.2d 69 (Fla. 4th DCA 1975). While there is no evidence that Lynch-Davidson represented the completed dump truck as being its own particular product, such as the Ford Motor Company might represent that one of its cars is a Ford car, despite the fact that numerous component parts are manufactured by others, we find this to be a distinction without difference. The more important test is whether Lynch-Davidson may be considered to have "assembled" the finished product. While it did not do so itself, it did furnish the cab and chassis to and arrange, set the specifications for, and pay for the assembly of the completed product by the Rogers Manufacturing Company. Thus, since the finished product was done at Lynch-Davidson's behest, Lynch-Davidson must be considered the manufacturer of the completed dump truck.
Lynch-Davidson has also argued that the evidence demonstrates that the dump truck was indeed properly equipped. While there is evidence that the truck was properly equipped, there is also conflicting evidence and inferences tending to demonstrate the opposite. Accordingly, these factual issues are for the jury to consider.
Finally, Lynch-Davidson urges that the trial court's decision may be affirmed on the alternative ground that the second amended complaint was filed after the applicable statute of limitations had run. Specifically, it contends that the second amended complaint should be barred because it states a new and substantially different cause of action which does not relate back to the original complaint. Appellant, on the other hand, contends that this point cannot be considered since Lynch-Davidson did not cross-appeal as to the trial court's adverse ruling on the statute of limitations issue. We have found no Florida cases directly on point. Compare Jessup v. Redondo, 394 So.2d 1031 (Fla. 3d DCA 1981). The federal courts, however, hold that a cross-appeal is only required when the appellee seeks to vary or modify the judgment below. Wright & Miller, Federal Practice and Procedure: Civil § 3904, and cases cited therein. Here, Lynch-Davidson does not seek to modify the judgment but raises an additional basis for reaching the same conclusions. Accordingly, we have considered the trial court's ruling on the statute of limitations issue and affirm the determination that the claim is not barred.
Reversed and remanded for further proceedings consistent with this opinion.
McCORD, BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] Appellant contends that since Lynch-Davidson sold the dump truck new, repossessed it, and then sold it again, it should be held to the liability of a dealer of a new car. Compare Fuquay v. Revels Motors, Inc., 389 So.2d 1238 (Fla. 1st DCA 1980).