445 So.2d 329 (1983)
RADIATION TECHNOLOGY, INC., and Employers Mutual Liability Insurance Company of Wisconsin, Wausau, Wisconsin, Petitioners,
v.
WARE CONSTRUCTION COMPANY and Insurance Company of North America, Respondents.
No. 62895.
Supreme Court of Florida.
December 22, 1983.
Rehearing Denied March 9, 1984.
*330 Raymond T. Elligett, Jr., Charles P. Schropp and F. Ronald Fraley of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioners.
H. Vance Smith of Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondents.
SHAW, Justice.
This case is before us on discretionary review of a question certified to be of great public importance. Radiation Technology, Inc. v. Ware Construction Co., 419 So.2d 1207 (Fla. 2d DCA 1982). We accept jurisdiction despite the curious fashion in which this case was certified to the Court and will answer what we perceive to be the intended question of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Ware Construction Company built a cold storage warehouse for Adamo Cold Storage, Inc. After Adamo took possession and stored frozen foodstuffs in the warehouse, it became necessary for Ware to make certain repairs to the concrete floor. Since the temperature in the warehouse had to be maintained to preserve the foodstuffs, and the concrete would not set properly at the temperature, Ware purchased a quantity of J-27 from Radiation Technology, Inc. for use as a hardening agent. A portion of the concrete floor did not harden and fumes from the J-27 contaminated the foodstuffs in the warehouse, making them unpalatable but not toxic or inedible.
Adamo brought suit for damages, naming both Ware and Radiation as defendants. Ware entered into a settlement agreement with Adamo and filed a third-party complaint against Radiation, alleging that it was entitled to indemnity for the amount it was required to pay Adamo. Radiation filed an answer and counterclaim against Ware for payment of the purchase price of the J-27. Its defense against the third-party complaint was predicated in part upon the following clause contained in a document received by Ware from Radiation prior to purchase of the J-27:
Warranty
The only obligation of [Radiation] and its distributor shall be to replace any of this product proved to be defective. Before using test this product to determine its suitability for the intended use. User assumes all risk and liability while testing and using this product. Neither [Radiation] nor its distributor shall be liable for any injury, loss or damage, direct or consequential, relating to the use or inability to use this product. While the technical information on this sheet is believed to be reliable, [Radiation] does not guarantee its accuracy or completeness.
Over objection, the jury was instructed to disregard the limitation of liability provision and the cause was submitted to the jury on the issue of whether Radiation was negligent with regard to the adequacy of warning and instructions on the use of the *331 J-27. The jury returned a verdict for Ware and Radiation appealed.
The district court initially entered a decision reversing the trial court based upon its conclusion that the J-27 was not inherently dangerous, in that it did not threaten bodily injury; therefore, the court reasoned, there was no duty to warn of its potential adverse affect on property, and the clause seeking to limit liability should have been enforced as permitted by section 672.719, Florida Statutes (1979). On motion for rehearing the district court granted the motion, receded from its conclusion that an inherently dangerous product must threaten bodily injury, withdrew its initial opinion, and substituted a per curiam affirmance. The case was then certified to us as passing upon a question of great public importance.
The district court did not articulate the question it deems to be of great public importance but we take it to be:
UNDER FLORIDA LAW, IS AN "INHERENTLY DANGEROUS" PRODUCT OR INSTRUMENTALITY LIMITED TO ONE WHICH POTENTIALLY THREATENS BODILY INJURY?
We answer the question in the negative. We have found no Florida cases limiting inherently dangerous products to those potentially threatening bodily injury nor are we aware of any reason why a product posing potential danger to property could not be found to be inherently dangerous. The phrase "inherently dangerous" is merely a descriptive, factual conclusion, largely of historical interest, which has lost most of its utility with the evolution of products liability law and the adoption of strict liability. Prosser, Law of Torts § 96 (4th ed. 1971). In Florida, the phrase was never clearly defined but was used analytically on a product-by-product basis either to circumvent the absence of privity in implied warranty cases, Toombs v. Ft. Pierce Gas Co., 208 So.2d 615 (Fla. 1968); Matthews v. Lawnlite Co., 88 So.2d 299 (Fla. 1956), or to demonstrate that adequate warnings or direction were not given for a particularly dangerous product. Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla. 1958). The former cases involved a matter of law, the latter a matter of fact.
With the adoption of strict liability in West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), the phrase became largely passe except as a rhetorical device to persuade a jury that a product contained a defect or inherent characteristic which posed a danger to users or bystanders. Under strict liability, the Restatement (Second) of Torts, section 402A (1965) refers to products which are "unreasonably dangerous to the user or consumer or to his property" regardless of privity. The term "unreasonably dangerous" more accurately depicts liability of a manufacturer or supplier in that it balances the likelihood and gravity of potential injury against the utility of the product, the availability of other, safer products to meet the same need, the obviousness of the danger, public knowledge and expectation of the danger, the adequacy of instructions and warnings on safe use, and the ability to eliminate or minimize the danger without seriously impairing the product or making it unduly expensive. Thus, an unsafe product, whether it be characterized as inherently dangerous or unavoidably dangerous, would not necessarily be an unreasonably dangerous product. See Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979); Prosser, § 99.
Turning to the case at hand, the dispute over the application of "inherently dangerous" is a non-sequitur. The legal issue is whether the trial court erred in instructing the jury to disregard the warranty/limitations of liability clause quoted above and in failing to give effect to the limitations of remedy provision. The case went to the jury on a negligence theory; there was privity in contract between the parties; and there was no count in strict liability. Under these circumstances, the defendant was entitled to present to the jury the warranty clause tending to show that the plaintiff had been warned to test the product for the specific use. The adequacy *332 of that warning was for the jury to determine. Further, since the count was in negligence[*] and it is undisputed that the potential harm was to property only and not to the person, the limitations of remedy provision was not prima facie unconscionable and should have been given effect absent a showing of unconscionability. § 672.719(3), Fla. Stat. (1979). The facts here show that the parties were two commercial entities with no suggestion of an imbalance of bargaining power between them rendering the limitations clause unconscionable and unenforceable. Under the circumstances, the trial court erred in failing to allow the jury to consider the limitations of remedy provision.
We quash the district court opinion and remand for proceedings consistent with this opinion.
It is so ordered.
ADKINS, OVERTON and McDONALD, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, in which BOYD and EHRLICH, JJ., concur.
ALDERMAN, Chief Justice, dissenting.
The district court of appeal initially wrote an opinion that reversed the trial court and remanded with directions to enter final judgment in favor of appellants on appellee's third-party complaint, but against appellants on their counterclaim. On motion for rehearing, the district court withdrew its original opinion and substituted a "per curiam affirmed" without any written opinion. The only record of this decision in Southern Reporter appears in the list of Florida decisions without published opinion. Radiation Technology, Inc. v. Ware Construction Co., 419 So.2d 1207 (Fla. 2d DCA 1982). On a second motion for rehearing, the district court denied rehearing and then certified this case to the Supreme Court as passing upon a question of great public importance.[*] The district court, however, has not delineated what this question of great public importance is. Even if we were able to determine the content of the question, we would not be able to conclude from the district court's "PCA" whether it passed on this question.
This case presents an excellent example of why this Court should exercise its discretion and not accept jurisdiction of a decision certified by the district court as passing on a question of great public importance where the decision of the district court is merely a per curiam affirmance without opinion. The district court here has certified its decision to us but has failed to articulate the question which it feels is of such public importance.
I believe it would be a much better practice, and of great assistance to this Court in reviewing a case, if the district courts, in all cases which they deem to pass on questions of great public importance, would write opinions which pass on the questions certified and state in clear and concise language the issue or issues which they certify to be of great public importance. For the most part, the district courts have been following this practice.
If the present case passes upon a question of great public importance, it is a mystery to me why the district court did not publish an opinion of precedential value on the issue rather than merely rendering a per curiam affirmance without opinion. A per curiam affirmance without opinion has no precedential value. Department of Legal Affairs v. District Court of Appeal, Fifth District, 434 So.2d 310 (Fla. 1983).
The problem of our reviewing this type of case is particularly evident in the present case. The majority attempts to frame a question of great public importance, decides the question, then decides *333 that the question it has answered is not really material to the resolution of the case, and decides the case on what it finds to be the legal issue involved.
I would deny review of this cause.
BOYD and EHRLICH, JJ., concur.
NOTES
[*] We express no opinion on whether the limitations of remedy provision would have been enforceable had the count been in strict liability.
[*] Article V, section 3(b)(4), Florida Constitution, expressly provides that this Court "[m]ay review any decision of a district court of appeal that passes upon a question certified by it to be of great public importance... ."