446 So.2d 1150 (1984)
Alberta Bass PERRY, Appellant,
v.
LUBY CHEVROLET, INC., Appellee.
No. 83-2378.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Pelzner, Schwedock, Finkelstein & Klausner and Lori Barrist, Miami, for appellant.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON.
BASKIN, Judge.
We reverse the Final Summary Judgment entered in favor of the automobile retailer in an action predicated upon breach of warranty, negligence, and strict liability. Appellant was allegedly injured when the *1151 steering mechanism of her car locked and the car veered off the road into a bridge embankment. Appellant had purchased the automobile from Luby Chevrolet. Although Luby was responsible for repairs and service, it had not performed any of these services prior to the mishap.
We are aware of no legal impediment to the establishment of appellant's claims under theories of strict liability or breach of warranty should the evidence presented to the trier of fact support such recovery. Uniform Commercial Code, § 672.314, Fla. Stat. (1981); Restatement (Second) of Torts § 402 A. (1965). Whether there was a defect in the automobile presents a genuine issue of material fact precluding summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
We agree, however, that summary judgment on the issue of negligence was proper.
Reversed in part; affirmed in part; remanded with directions.