Robert RIGGINS

v.

FORD MOTOR COMPANY, et al.

Civ. A. No. 83–2889.

United States District Court,
E.D. Louisiana.

Oct. 25, 1984.

Wayne H. Carlton, Jr., Bendana & Carlton, New Orleans, La., for plaintiff.

C.G. Norwood, Jr., McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for defendants.

MENTZ, District Judge.

It has come to the Court's attention that Ford Motor Company has filed a motion for summary judgment set for hearing on Wednesday, October 31, 1984, at 10:00 o'clock a.m. and that plaintiff has failed to submit any timely opposition at least eight days prior to the motion hearing in accordance with Local Rule 3.7 of the United States District Court, Eastern District of Louisiana Local Rules. The Court has reviewed Ford's motion for summary judgment with its attached documents and affidavit and has decided to grant the motion since there appears to be no genuine issue as to any material fact relative to Ford Motor Company.

Plaintiff was injured when his left hand became ensnared in the hydraulic presser of the garbage truck owned by Terrebonne Parish Police Jury. Ford designed and manufactured only a cab and chassis to which was later affixed by Heil Equipment Company a Heil trash compacter. Plaintiff alleges the trash compacter prematurely closed on his hand. Frank J. Mitchell, Design Analysis Engineer for Ford Motor Company, stated by affidavit that Ford did not design, manufacture, sell or participate in the sale of the power take-off system which was attached to the Ford chassis-cab and Heil Equipment trash compacter at the time of Mr. Riggins' injury. Mr. Mitchell also attests that no product manufactured by Ford could have caused any "premature closing" of the Heil trash compacter blade.

Further, plaintiff alleges that the compacter was defective because it closed on his arm and because the operator closed it without being able to see the back of the truck. From the evidence, it is clear that Ford did not manufacture the compacter unit which was attached to Ford's cab and chassis after it left the Ford Motor Company. A number of cases have held that the company performing the conversion and not the manufacturer of the cab and chassis was the party responsible for assessing design implications and installing any safety designs that such design change might require. *See Verge v. Ford Motor Company*, 581 F.2d 384 (3rd Cir.1978); [manufacturer of garbage compacter unit, not Ford, was responsible for installing the warning device or other safety device on cab and chassis]; *Powell v. E.W. Bliss Co.*, 529 F.Supp. 48, 51 (E.D.Pa.1981), *affirmed* 681 F.2d 808 (3rd Cir.1982) [safeguards on

punch press responsibility of the party who finished the product and placed it into use]; *Cunningham v. Lynch-Davidson Motors,* 425 So.2d 131 (Fl.District C.A., 1st District 1982) [manufacturer of cab-chassis assembly not liable for absence of back-up alarm on dumptruck]. *See also Elliott v. Century Chevrolet Co. & General Motors Corp.,* 597 S.W.2d 563 (Tx.Civ.App.1980) [the court granted summary judgment for the cab and chassis manufacturer where body of truck had been converted to be used as a beer storage truck finding the converting company not the manufacturer responsible for design and safety]. In the case at bar, plaintiff states that the operator closed the compacter unit *without* being able to see the back of the truck. (Plaintiff's answers to Interrogatories.) Further, Mr. Elroy Baker stated in his October 4, 1984 deposition that when he pulled the lever, the blade of the unit started coming down and ensnared the plaintiff's hand. Mr. Baker also testified that he did not notice any malfunction of the garbage unit on the day of the accident. Given the undisputed facts of this case the Court holds that the manufacturer of only the cab and chassis cannot be liable for the plaintiff's injuries allegedly caused by the product of another manufacturer placed on that cab and chassis by someone other than the cab and chassis manufacturer, Ford Motor Company. Accordingly,

IT IS ORDERED that Ford Motor Company's motion for summary judgment is hereby GRANTED.

IT IS FURTHER ORDERED that the hearing on Ford Motor Company's motion for summary judgment set for Wednesday, October 31, 1984 at 10:00 o'clock a.m. is hereby CANCELLED.