477 So.2d 29 (1985)
William VISNOSKI and Shirley Visnoski, As Parents and Natural Guardians of Tambra Visnoski, a Minor, Appellants,
v.
J.C. PENNEY COMPANY, Appellee.
No. 84-2421.
District Court of Appeal of Florida, Second District.
October 16, 1985.
Dale M. Swope of Swope & Jacobs, P.A., Tampa, for appellants.
No appearance on behalf of appellee.
OTT, Judge.
In this products liability personal injury action, the trial court dismissed with prejudice appellants' strict liability claim against appellee, ruling that strict liability is not available against a non-manufacturing seller of an allegedly defective product. This was appellants' only claim against appellee. We reverse.
In Adobe Building Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA 1981), our sister court held that the doctrine of strict liability in tort applies to a retailer and distributor of an allegedly defective product. As noted by the Fourth District in Reynolds, the Restatement (Second) of Torts § 402 A (1965), adopted in West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), specifically refers to a seller as being subject to strict liability. Furthermore, there is general accord among other jurisdictions that strict liability is applicable to retailers. See generally Annot., 13 A.L.R.3d 1057, 1099 (1967); 63 Am.Jur.2d Products Liability § 572 (1984).
*30 Consistent with our sister court in Reynolds, we hold that the doctrine of strict liability in tort is available against appellee, the non-manufacturing seller of the allegedly defective lawn mower. We are not called upon to review the complaint otherwise and therefore express no opinion on its sufficiency.
REVERSED and REMANDED for further proceedings consistent herewith.
SCHEB, A.C.J. and SCHOONOVER, J., concur.