486 So.2d 649 (1986)
Ramon TRESPALACIOS, As Personal Representative of the Estate of Juan Ramon Trespalacios, Deceased, for the Use and Benefit of the Estate of Juan Ramon Trespalacios, Deceased, for Magda Caridad Romeu Hernandez, Surviving Spouse of Decedent, Individually, and for Ramon Trespalacios and Mirled Trespalacios, Surviving Minor Children of Decedent, by and through Their Natural Grandfather and Next Friend, Ramon Trespalacios, Appellants,
v.
VALOR Corporation of Florida, a Florida Corporation, and Ithaca Gun Company, Inc., a Foreign Corporation, Appellees.
Nos. 84-2560, 85-155.
District Court of Appeal of Florida, Third District.
April 8, 1986.
*650 Hershoff & Levy and Jay M. Levy, Miami, for appellants.
Haddad, Josephs & Jack and Lewis N. Jack, Coral Gables, for appellee, Valor Corp. of Florida.
No appearance for appellee, Ithaca Gun Co., Inc.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This case arose out of an August 20, 1982 incident where the decedent, along with seven other individuals, was shot and killed by a mad gunman, Carl Robert Brown, using a recently purchased "riot and combat" shotgun. Suit was instituted against the seller of the weapon, the distributor, and the manufacturer on theories of negligence and strict product liability. This appeal is taken from the order of the trial court which dismissed the case as to the distributor and manufacturer. We affirm.
On the question of strict product liability it is now a general rule that a manufacturer may be liable where a defect in its product causes harm. On the other hand, it is also settled law that "one who is injured while using a perfectly made axe or knife would have no right to a strict liability action against the manufacturer because the product that injured him was not defective." Cassisi v. Maytag Co., 396 So.2d 1140, 1143 (Fla. 1st DCA 1981). A product which has obviously and inherently dangerous qualities is not necessarily a defective product. See Radiation Technology, Inc. v. Ware Construction Co., 445 So.2d 329, 331 (Fla. 1983); Auburn Machine Works Co. v. Jones, 366 So.2d 1167, 1170-71 (Fla. 1979). The complaint thus failed to state a claim on a strict liability theory because there was no allegation that the product was defective, i.e., that it failed to operate as the consumer expected, and that the defect was the proximate cause of injury. See Restatement (Second) of Torts § 402A comment g (1965).
For the reasons that the firearm was not defective, see Bennet v. Cincinnati Checker Cab Co., 353 F. Supp. 1206 (E.D. Ky. 1973); that manufacture or distribution of the weapon is not unlawful pursuant to either state law or the federal Gun Control Act of 1968, 18 U.S.C. §§ 921-928 (1982), see Linton v. Smith & Wesson, 127 Ill. App.3d 676, *651 82 Ill.Dec. 805, 806, 469 N.E.2d 339, 340 (1984); and that neither the manufacturer nor distributor had a duty to prevent the sale of handguns to persons who are likely to cause harm to the public, see Riordan v. International Armament Corp., 132 Ill. App.3d 642, 87 Ill.Dec. 765, 477 N.E.2d 1293 (1985); Linton; cf. K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283 (Fla. 3d DCA 1983) (retailer held liable when firearm sold to person who was unlawful user of marijuana and subject of felony information, in violation of federal Gun Control Act, was criminally misused), rev. denied, 450 So.2d 487 (Fla. 1984), there was no duty which had been breached by the manufacturer and distributor so as to support a cause of action based on negligence. See Bennet.
Affirmed.