493 So.2d 98 (1986)
James T. COULSON, Appellant,
v.
Anthony DeANGELO, et al., Appellees.
No. 85-1790.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*99 Peter Mineo, Jr. and Angelo Marino, Jr., Fort Lauderdale, for appellant.
James B. Hamlin and Delissa A. Ridgway of Shaw, Pittman, Potts & Trowbridge, Washington, D.C., and Paul C. Huck of Fleming & Huck, Miami, for appellee Intern. Armament Corp.
PER CURIAM.
Affirmed. We reject the appellant's contention that the trial court erred in dismissing his claims against a gun manufacturer for failure to state a cause of action. Trespalacios v. Valor Corporation of Florida, 486 So.2d 649 (Fla. 3d DCA 1986).
The complaint alleged that the International Armament Corporation was strictly liable because a gun which it manufactured, and which was used to injure the plaintiff, could not be used for any legitimate purpose and was solely used for the commission of criminal acts. The plaintiff alleged that this made the gun a defective product and that the manufacturer should be held strictly liable. This concept has been consistently rejected. The essence of the doctrine of strict liability for a defective condition is that the product reaches the consumer with something "wrong" with it. In contrast the plaintiff alleged that it was the use of the gun that made it defective, not that it malfunctioned or had a faulty design.
Additionally the complaint alleged that the manufacturer should be held strictly liable for engaging in an ultrahazardous activity. This doctrine has never been applied in Florida in circumstances such as these and liability under the doctrine is generally imposed where a defendant engages in an activity which necessarily involves a risk of serious harm. The plaintiff did not allege that the act of manufacturing the gun was abnormally dangerous; instead, he alleged that the use of the completed product by others was unusually dangerous. Thus, the trial court correctly dismissed this count of complaint.
The only case to adopt a new theory of liability which holds a manufacturer of a "Saturday Night Special" strictly liable to innocent persons who are injured by the criminal use of a gun is Kelley v. R.G. Industries, Inc., 497 A.2d 1143 (Md. 1985). But even the Maryland court rejected the arguments that a manufacturer could be held strictly liable under traditional theories of liability.
HERSEY, C.J. and ANSTEAD and DELL, JJ., concur.