500 So.2d 292 (1986)
Helen MOBLEY and Curtis Mobley, Her Husband, Appellants,
v.
SOUTH FLORIDA BEVERAGE CORPORATION, Gerald Walker Store, Inc. and Aetna Casualty and Surety Co., Appellees.
No. 85-891.
District Court of Appeal of Florida, Third District.
December 23, 1986.
Rehearing Denied February 3, 1987.
Horton, Perse & Ginsberg and Arnold Ginsberg, E. James Schmick, Miami, for appellants.
Canning & Murray and C. Robert Murray, Jr., Miami, Ress, Gomez, Rosenberg, Howland & Mintz and Steven A. Edelstein, North Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
*293 SCHWARTZ, Chief Judge.
The plaintiffs in a personal injury action appeal from a final judgment entered on a jury verdict for the defendants. We reverse as to one defendant and affirm as to the other.
According to Mrs. Mobley, shortly after she returned home from a supermarket operated by the Gerald Walker Store, Inc., the bottom fell out of a cardboard carton of four 32-ounce Pepsi Cola bottles she had purchased there, and the falling bottles injured her leg. There was expert testimony that the failure had occurred because the carton had been exposed to excess moisture  a conclusion entirely consistent with the fact that the market had stored such products in an area behind the store where there had been persistent flooding. Nevertheless, the trial judge struck the plaintiffs' strict liability claim against Walker, and submitted the case to the jury solely on the issue of negligence. This was clearly reversible error.[1]
There is ample evidence that the carton was in a defective condition when Walker sold it to Mrs. Mobley. Such a showing in itself creates a jury question under the strict liability doctrine. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), adopting section 402A, Restatement (Second) of Torts (1965). It is well-established in Florida, moreover, that the doctrine, as specified in section 402A itself, applies to retailers like Walker. Visnoski v. J.C. Penney Co., 477 So.2d 29 (Fla. 2d DCA 1985); Perry v. Luby Chevrolet, Inc., 446 So.2d 1150 (Fla. 3d DCA 1984); Adobe Building Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA 1981), pet. for review dismissed, 411 So.2d 380 (Fla. 1981); cf. Keith v. Russell T. Bundy & Associates, Inc., 495 So.2d 1223 (Fla. 5th DCA 1986) (dealer in used goods sold "as is" not strictly liable for manufacturing defect).[2] In correctly pointing out that, unlike the present situation, all these cases involve manufacturing defects, Walker does not seem to realize that this argument cuts in the exactly opposite way directly against its position. Since a retailer is liable for defects over which it has no control, it is all the more obviously responsible to an innocent purchaser like the plaintiff for a defect which was created only after the product came into its possession  and for which, therefore, the manufacturer and others higher up in the distributive chain are not liable.
Indeed, it is on that very basis  the absence of any evidence that the defect in the carton existed prior to its arrival at the store  that we find no error in striking the strict liability count as against the South Florida Beverage Corporation, the Pepsi distributor which delivered the carton to Walker.[3]
For these reasons, the judgment for Walker and its insurer, Aetna Casualty & Surety Company, is reversed for a new trial on the strict liability claim. The judgment for South Florida Beverage Corporation is affirmed.
Affirmed in part, reversed in part.
NOTES
[1] The store's argument that any error was rendered harmless by the verdict in its favor on the negligence count is hardly worthy of response. Any finding that the store  as its counsel successfully argued to the jury  had not failed to exercise due care in its storage of the cartons says nothing about its responsibility under the strict liability doctrine which arises simply if there were a defect in the product at the time of the sale.
[2] Walker's attempt to invoke the Keith holding on the basis of evidence that the carton in question had been previously used and recycled is plainly unavailing because, unlike Keith, the carton was obviously neither known to the customer nor sold by the store as a "used product."
[3] We note that, at the trial, the plaintiffs correctly withdrew their previously asserted claim against Mead Packaging Company, the manufacturer of the carton, because there was no evidence of a manufacturing defect.