610 So.2d 1336 (1992)
Regina L. LeMASTER, as Personal Representative of the Estate of Michael C. Shockey, Appellant,
v.
GLOCK, INC., Appellee.
No. 92-589.
District Court of Appeal of Florida, First District.
December 29, 1992.
Rehearing Denied February 2, 1993.
*1337 Daniel F. Wilensky, Jacksonville, and David R. Lewis of Lewis, Paul & Isaac, P.A., Jacksonville, for appellant.
George D. Gabel, Jr., Jacksonville, and Evan A. Burkholder and Hugh C. Griffin, Chicago, for appellee.
ALLEN, Judge.
Regina L. LeMaster, in her capacity as personal representative for the estate of Michael C. Shockey, appeals from a final summary judgment granted in favor of Glock, Inc., the defendant in her wrongful death action and the appellee herein. The appellant contends that the trial court erred in ruling as a matter of law (1) that a semiautomatic pistol with a 5 1/2 pound trigger pull need not be equipped with a positive external safety and (2) that the lack of such a safety was not the proximate cause of Michael Shockey's death. We conclude that neither issue should have been resolved by summary judgment.
Officer Adams of the Jacksonville Sheriff's Department saw a truck that he believed to be stolen. Upon confirming that fact, he proceeded to arrest the four men in possession of the vehicle. During the course of the arrest, one of the men, Michael Shockey, was killed when Officer Adams accidently pulled the trigger on his department-issued semiautomatic .9 mm pistol. The pistol, which required 5 1/2 pounds of pressure on the trigger to discharge, did not have an external safety device. The appellant brought a wrongful death action, alleging strict liability against the appellee, the manufacturer of the pistol. The appellant alleged that the pistol had a defect because it was designed without an external safety, and that this defect proximately caused Shockey's death. The appellee moved for summary judgment, supporting its motion with affidavits regarding the intentional design of the pistol without a safety, the Jacksonville Sheriff's Department's purchase of the pistol, the training provided Officer Adams, and the department procedures governing an officer's use of his pistol during arrest. The appellant presented the affidavit of an investigative engineer who stated that the pistol was negligently designed because it lacked an external safety device. The court entered summary judgment for the appellee.
We first address the question of whether the lack of an external safety may constitute a defect in the weapon. An action for strict liability for a design defect of a product will lie where by reason of its design, the product is in an unreasonably dangerous condition and the product reaches the user without substantial change. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976). It is undisputed in this case that the gun did not malfunction, but rather that it fired because the officer's finger slipped inside the trigger guard and exerted pressure on the trigger. The trial court found no defect, reasoning that "[t]here is *1338 no defect in a product, even an `inherently dangerous product,' if it performs exactly as it is intended to."
The trial court's ruling is contrary to long-standing Florida cases in which plaintiffs brought strict liability claims where the product performed as expected but nonetheless injured someone. See, e.g., Auburn Machine Works, Co. v. Jones, 366 So.2d 1167 (Fla. 1979); Cunningham v. Lynch-Davidson Motors, Inc., 425 So.2d 131 (Fla. 1st DCA 1982), rev. denied, 436 So.2d 99 (Fla. 1983). We note that the only Florida case cited by the trial court, Trespalacios v. Valor Corp. of Fla., 486 So.2d 649, 650 (Fla. 3d DCA 1986), simply stands for the proposition that a plaintiff must identify a product's defect and allege that the defect was the proximate cause of the injury in order to state a cause of action for strict liability. Accordingly, Trespalacios does not support the trial court's ruling in this instance.
Summary judgment should not be granted where the supporting affidavits raise a genuine issue of material fact. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966). When there is evidence that the absence of a safety feature is a defect in a product, summary judgment for the defendant is inappropriate. See, e.g., Auburn Machine Works; Cunningham. The opposing affidavits in this case are in conflict over whether the absence of an external safety on the semiautomatic pistol constituted a design defect that rendered the gun unreasonably dangerous. Accordingly, the question should not have been resolved by summary judgment.
We next address the trial court's ruling that the lack of an external safety "was causally unrelated to the unintentional discharge that resulted in the death of plaintiff's decedent." The appellant asserts that the question of proximate cause was an issue of fact for the jury to decide, while the appellee insists that the absence of proximate cause is conclusively demonstrated by the affidavits of Lieutenant Peter Mittleman of the Jacksonville Sheriff's department and Frank Dinuzzo, an employee of the appellee. Mittleman and Dinuzzo stated that the absence of a positive external safety was causally unrelated to the death of Michael Shockey because police officers are instructed to disengage external safeties during an arrest, and therefore, even if the gun had been equipped with a safety, the safety would have been off when Adams pulled the trigger.
The question of proximate cause is for the jury unless reasonable men could not differ in their determination of the question, Helman v. Seaboard Coastline R.R., 349 So.2d 1187, 1189 (Fla. 1977), and where questions of negligence or contributory negligence are close, any doubt should always be resolved in favor of a jury trial. Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982), rev. denied, 436 So.2d 101 (Fla. 1983). The circumstances under which a court may resolve the question of proximate cause as a matter of law are extremely limited. As has been recently stated, "the determination vel non of proximate cause as a matter of law is a policy decision `that the range of danger is too remote to be reasonably foreseeable.'" Hohn v. Amcar, Inc., 584 So.2d 1089 (Fla. 5th DCA 1991). The danger of an individual being shot by someone inadvertently putting pressure on a gun's trigger would not be a remote possibility. Of course, injury would be averted where the gun is equipped with an external safety, but only if the safety is in the "on" position. Thus, the question of proximate cause in this case may turn on whether Officer Adams would have had his safety "on" during the episode in which the gun discharged had the gun been equipped with an external safety, but this question should not have been resolved against the appellant at the summary judgment stage.
The trial judge could not properly rely on the opinions in the appellee's affidavits stating that Officer Adams would not have had the gun's safety "on" while handcuffing the four young men found in the stolen truck. It has long been the rule that a witness's opinion as to what would have happened if circumstances were different constitutes rank speculation that is not competent evidence:
Conjecture has no place in proceedings of this sort... . The law seems well established that testimony consisting of *1339 guesses, conjecture or speculation  suppositions without a premise of fact  are clearly inadmissible in the trial of causes in the courts of this country. A statement by a witness as to what action he would have taken if something had occurred which did not occur ... or what course of action a person would have pursued under certain circumstances which the witness says did not exist will ordinarily be rejected as inadmissible and as proving nothing.
Drackett Products Co. v. Blue, 152 So.2d 463, 465 (Fla. 1963).
Although the sheriff's department's standard arrest procedures may be circumstantial evidence that the jury could consider in making its determination, such evidence is only relevant in the context of the specific facts presented by this case, and the existence of such standard procedures does not conclusively resolve the causation issue. In his deposition, Officer Adams acknowledged that he did not feel that he was in danger during the arrest and that he never intended to fire the weapon. He saw nothing to indicate that the men were armed or dangerous, and his finger was outside the trigger guard until it inadvertently slipped inside when his arm was jostled.
In ruling upon a motion for summary judgment, the court must view every possible inference in the light most favorable to the nonmoving party. State of Fla. Dept. of Envtl. Regulation v. C.P. Developers, Inc., 512 So.2d 258 (Fla. 1st DCA 1987). It can reasonably be inferred from the evidence in this case that, despite any standard departmental arrest procedures, if the gun had been equipped with a safety, the safety would have been "on" in order to avoid accidental discharge. The court therefore erred in finding, as a matter of law, that proximate cause did not exist.
Accordingly, we reverse the final summary judgment and remand for further proceedings.
ZEHMER and WOLF, JJ., concur.