619 So.2d 427 (1993)
Harold L. LAWRENCE and Deborah Marie Lawrence, Appellants,
v.
BRANDELL PRODUCTS, INC. and Goudreau-Dehan, Inc., Appellees.
No. 91-03752.
District Court of Appeal of Florida, First District.
June 4, 1993.
Maureen M. Matheson and Donald F. Black, Melbourne, for appellants.
Jeptha F. Barbour of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for appellees.
PER CURIAM.
This cause is before us on appeal from a final judgment entered granting defendants'/appellees' motion for summary *428 judgment in a products liability suit. At issue is the liability of a jobber/distributor for injuries resulting from defective products shipped directly from the manufacturer to the retailer.
The amended complaint alleges that on July 29, 1989, plaintiff Harold Lawrence was injured when a "19th Hole Warm-Up" golf weight[1] left the shaft of a golf club as it was being swung by a fellow golfer, and struck appellant in the knee. The complaint alleges strict liability (Count I), and negligence (Count II) against the manufacturer and the distributor. Goudreau-Dehan, the manufacturer, filed no responsive pleading, and a default was entered.[2] Thereafter, the trial court entered partial summary judgment against Goudreau-Dehan on the liability issue and ruled that determination of damages would be abated during the pendency of this appeal.
Brandell Products, the distributor, moved for summary judgment, arguing that the golf weight was not an inherently dangerous product under Florida law, and therefore it had no duty to warn of defects. The trial court granted summary judgment on all counts, and final judgment was entered in favor of Brandell.
As to strict liability, the complaint alleges that the defendants placed into the stream of commerce a product that was unreasonably dangerous or defective for the user, in that the weight was not secured to the club, would fly off while being used, and did not include proper instructions or warnings.
As to negligence, the complaint alleges that Goudreau-Dehan negligently designed and manufactured the product, failed to make reasonable tests and inspections, and failed to warn users that the product would fly off the club without warning while being used as intended. Defendant Brandell Products' negligence is alleged to be selling the product without making inspections, warning, or ascertaining whether the product was reasonably safe. The complaint further alleges as to Brandell Products:
Defendant, BRANDELL, as a distributor of THE PRODUCT, knew or should have known of the latent defects in THE PRODUCT which render THE PRODUCT inherently dangerous as:
(a) THE PRODUCT while appearing safe for use flies off a club during warm-up swings during intended use without warning.
(b) THE PRODUCT'S design of the break of its donut shape and no means of securely fastening THE PRODUCT to a golf club during vigorous warm-up swing cause THE PRODUCT to fly off causing severe injury.
(c) THE PRODUCT negligent design and construction make THE PRODUCT inherently dangerous as its safe appearance hides THE PRODUCT latent defects giving rise to a duty to warn of the latent defects.
Section 402(A) of the Restatement (Second) of Torts (1965), as adopted in Florida by West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), states in pertinent part:
(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
Section 402(A) specifically refers to a seller as being subject to strict liability. In Adobe Building Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA 1981), the court held that a retail seller may be held strictly liable in tort for damage occasioned to the property of one who purchases the product and prepares it for use by an ultimate *429 consumer. In addition, other district courts have held that distributors/retailers are subject to strict liability. Visnoski v. J.C. Penney Co., 477 So.2d 29 (Fla. 2d DCA 1985); Perry v. Luby Chevrolet, Inc., 446 So.2d 1150 (Fla. 3d DCA 1984); K-Mart Corp. v. Chairs, Inc., 506 So.2d 7 (Fla. 5th DCA 1987), review denied, 513 So.2d 1060 (Fla. 1987). Accordingly, the trial court erred in ruling that strict liability does not apply in a suit against a distributor of a defective product.
Appellee concedes that the trial court's findings that Brandell had no duty to inspect or to warn of defects and that the 19th Hole Warm-Up swing weight device was not inherently dangerous, cannot serve as the basis for summary judgment on plaintiff's claim of strict liability. Radiation Technology v. Ware Const. Co., 445 So.2d 329 (Fla. 1983).
As to the negligence count of the complaint, we find no merit in appellants' contentions and affirm the trial court's order.
Because of our resolution of the preceding issues, we also reverse the award of costs. Accordingly, the final judgment is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
BOOTH, BARFIELD and MINER, JJ., concur.
NOTES
[1] The weight is a donut-shaped weight device attached to the shaft of a golf club. The golfer swings the club to warm up prior to playing golf.
[2] No appeal was taken from this decision, and the correctness of the determination is not before us for review.